UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IRONCLAD PERFORMANCE WEAR CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ORR SAFETY CORPORATION,**<br><br>Defendant | Case No. 3:15-cv-03453-D |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF ORR SAFETY CORPORATION**

Defendant Orr Safety Corporation ("ORR"), for its response to Plaintiff Ironclad Performance Wear Corporation's ("Ironclad's") Original Petition (the "Complaint"), states as follows:

**AMENEDED ANSWER TO PLAINTIFF'S COMPLAINT**

1. Paragraph 1 of the Complaint does not contain allegations that require a response. To the extent Paragraph 1 may be deemed to assert allegations against ORR, ORR denies same.

2. Paragraph 2 of the Complaint does not contain allegations that require a response. To the extent Paragraph 2 may be deemed to assert allegations against ORR, ORR denies same.

3. Upon information and belief, ORR admits the allegations in Paragraph 3 of the Complaint.

4. ORR admits the allegations in Paragraph 4 of the Complaint.

5. ORR denies the allegations in Paragraph 5 of the Complaint because Ironclad is not entitled to any damages, and thus this matter is not within the jurisdictional limits of the

Court in which it was filed based upon the amount in controversy. ORR further denies the allegation in Paragraph 5 that Ironclad has sustained $1,000,000 or more in damages.

6. In response to Paragraph 6 of the Complaint, ORR admits that the Court in which this action was filed was entitled to exercise jurisdiction over ORR because ORR maintains an office in Texas. ORR denies the remaining allegations in Paragraph 6.

7. ORR denies the allegations in Paragraph 7 of the Complaint.

8. ORR admits the allegation in Paragraph 8 of the Complaint that it entered into the Distributorship Agreement. ORR denies the remaining allegations in Paragraph 8 of the Complaint to the extent they can be understood to state that Ironclad designed or manufactured the KONG glove for use in the oil and gas industry prior to ORR's involvement.

9. ORR lacks sufficient knowledge to admit or deny the plethora of allegations in Paragraph 9 of the Complaint and therefore denies each of the allegations contained in Paragraph 9.

10. ORR admits that the Distributorship Agreement contains the language quoted in Paragraph 10 of the Complaint. ORR denies all other allegations in Paragraph 10.

11. In response to the allegations in Paragraph 11 of the Complaint, ORR admits that it entered into the Sub-Distributorship Agreement and that the Sub-Distributorship Agreement required Ironclad to pay royalties to ORR. ORR denies all other allegations in Paragraph 11.

12. ORR admits that the Distributorship Agreement contains the language quoted in Paragraph 12 of the Complaint. ORR denies all other allegations in Paragraph 12.

13. ORR admits that the Distributorship Agreement contains the language quoted in Paragraph 13 of the Complaint. ORR denies all other allegations in Paragraph 13.

14. ORR admits that the Distributorship Agreement contains the language quoted in Paragraph 14 of the Complaint. ORR denies all other allegations in Paragraph 14.

15. ORR admits that the Distributorship Agreement contains the language quoted in Paragraph 15 of the Complaint. ORR denies all other allegations in Paragraph 15.

16. Paragraph 16 of the Complaint asserts a legal conclusion that requires no response from ORR. To the extent Paragraph may be deemed to assert allegations against ORR, ORR denies same.

17. In response to Paragraph 17 of the Complaint, ORR admits that it entered into the Amended Distributorship Agreement, that it entered into the Amended Sub-Distributorship Agreement, and that the Amended Sub-Distributorship Agreement was entered into on January 27, 2015. ORR denies all other allegations in Paragraph 17.

18. ORR admits that the Amended Distributorship Agreement contains the language quoted in Paragraph 18 of the Complaint. ORR denies all other allegations in Paragraph 18.

19. ORR admits that the Amended Distributorship Agreement contains the language quoted in Paragraph 19 of the Complaint. ORR denies all other allegations in Paragraph 19.

20. ORR admits that the Amended Distributorship Agreement contains the language quoted in Paragraph 20 of the Complaint. ORR denies all other allegations in Paragraph 20.

21. ORR admits that the Amended Distributorship Agreement contains the language quoted in Paragraph 21 of the Complaint. ORR denies all other allegations in Paragraph 21.

22. ORR denies the allegations in Paragraph 22 of the Complaint.

23. ORR denies the allegations in Paragraph 23 of the Complaint, including all subparts.

24. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies each of the allegations contained in Paragraph 24.

25. ORR denies the allegations in Paragraph 25 of the Complaint.

26. ORR denies the allegations in Paragraph 26 of the Complaint.

27. ORR denies the allegations in Paragraph 27 of the Complaint.

28. ORR denies the allegations in Paragraph 28 of the Complaint.

29. ORR denies the allegations in Paragraph 29 of the Complaint.

30. ORR denies the allegations in Paragraph 30 of the Complaint.

31. ORR denies the allegations in Paragraph 31 of the Complaint.

32. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies each of the allegations contained in Paragraph 32.

33. ORR denies the allegations in Paragraph 33 of the Complaint.

34. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies each of the allegations contained in Paragraph 34.

35. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies each of the allegations contained in Paragraph 35.

36. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies each of the allegations contained in Paragraph 36.

37. ORR denies the allegations in Paragraph 37 of the Complaint.

38. ORR denies the allegations in Paragraph 38 of the Complaint.

39. ORR denies the allegations in Paragraph 39 of the Complaint.

40. ORR denies the allegations in Paragraph 40 of the Complaint.

41. ORR denies the allegations in Paragraph 41 of the Complaint.

42. ORR denies the allegations in Paragraph 42 of the Complaint.

43. ORR denies the allegations in Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, ORR admits that the Distributorship Agreement and Amended Distributorship Agreement obligate Ironclad to distribute only through ORR gloves that contain KONG trademarks or KONG trade dress. ORR denies all other allegations in Paragraph 44.

45. ORR denies the allegations in Paragraph 45 of the Complaint.

46. In response to Paragraph 46 of the Complaint, ORR admits that Ironclad does not have the right to sell KONG Counterfeit gloves, and that ORR communicated that to Ironclad. ORR denies all other allegations in Paragraph 46.

47. In response to Paragraph 47 of the Complaint, ORR admits that Ironclad's intent to restyle the KONG Rigger glove and remarket it as a non-KONG glove is a breach of the Distributorship Agreement. ORR denies all other allegations in Paragraph 47.

48. In response to Paragraph 48 of the Complaint, ORR admits that Ironclad's intent to restyle the KONG Arctic Mitt glove, or any other glove initially developed as a KONG glove, and remarket it as a non-KONG glove, is a breach of the Distributorship Agreement. ORR denies the all other allegations in Paragraph 48.

49. Paragraph 49 of the Complaint asserts a legal conclusion that requires no response from ORR. To the extent Paragraph 49 can be understood to make an allegation against ORR, ORR denies same.

50. To the extent Paragraph 50 of the Complaint sets forth paraphrases of provisions of the Distributorship Agreement, ORR states that the Distributorship Agreement speaks for itself. ORR denies all other allegations in Paragraph 50.

51. Paragraph 51 of the Complaint does not appear to set forth allegations against ORR and therefore does not require a response. To the extent Paragraph 51 may be deemed to assert allegations against ORR, ORR denies same.

52. Paragraph 52 of the Complaint asserts a legal conclusion that requires no response from ORR. To the extent Paragraph 52 may be deemed to assert allegations against ORR, ORR denies same.

### Claim 1 – Breach of Contract

53. ORR incorporates the admissions and denials in the paragraphs above into its response to Claim 1.

54. Paragraph 54 of the Complaint asserts a legal conclusion that requires no response from ORR. To the extent Paragraph 54 may be deemed to assert allegations against ORR, ORR admits that the Distributorship Agreement, as amended, and the Sub-Distributorship Agreement, as amended, are valid and enforceable.

55. ORR denies the allegations in Paragraph 55 of the Complaint.

56. ORR denies the allegations in Paragraph 56 of the Complaint.

57. ORR denies the allegations in Paragraph 57 of the Complaint.

### Claim 2 – Breach of Contract

58. ORR incorporates the admissions and denials in the paragraphs above into its response to Claim 2.

59. ORR denies the allegations in Paragraph 59 of the Complaint.

60. ORR denies the allegations in Paragraph 60 of the Complaint.

61. ORR denies the allegations in Paragraph 61 of the Complaint.

62. ORR denies the allegations in Paragraph 62 of the Complaint.

### Claim 3 – Declaratory Relief

63. ORR incorporates the admissions and denials in the paragraphs above into its response to Claim 3.

64. Paragraph 64 of the Complaint asserts a legal conclusion that requires no response from ORR. To the extent Paragraph 64 may be deemed to assert allegations against ORR, ORR denies same.

65. Paragraph 65 of the Complaint does not appear to assert allegations against ORR and therefore does not require a response. To the extent Paragraph 65 may be deemed to assert allegations against ORR, ORR denies same.

66. ORR denies that Ironclad is entitled to the relief described in Paragraph 66 of the Complaint, including all subparts, and denies all other allegations contained in Paragraph 66.

### Claim 4 – Attorneys' Fees

67. ORR incorporates the admissions and denials in the paragraphs above into its response to Claim 4.

68. ORR lacks sufficient knowledge to admit or deny the allegations in Paragraph 68 of the Complaint and therefore denies each of the allegations contained in Paragraph 68.

69. ORR denies that Ironclad is entitled to recover any attorneys' fees and expenses pursuant to Chapter 37 and/or 38 of the Texas Civil Practices and Remedies Code.

70. ORR denies that Ironclad is entitled to recover any attorneys' fees pursuant to Sec. 9.1 of the Distributorship Agreement.

71. Paragraph 71 of the Complaint does not contain allegations of claims that require a response. To the extent Paragraph 71 may be deemed to assert allegations against ORR, ORR denies same.

72. Paragraph 72 of the Complaint does not contain allegations of claims that require a response. To the extent Paragraph 72 may be deemed to assert allegations against ORR, ORR denies same.

73. ORR denies that Ironclad is entitled to the relief sought in Paragraph 73 of the Complaint.

74. ORR denies any allegations contained in the Complaint that are not specifically admitted herein.

75. ORR denies that Ironclad is entitled to any relief against it, including, but not limited to, any sums of money, declaratory relief, prejudgment and post-judgment interest, costs, attorneys' fees, or any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Ironclad's Original Petition is barred by the doctrines of estoppel, fraud, misrepresentation, laches, negligence, unjust enrichment, waiver, unclean hands, accord and satisfaction, failure of consideration, payment, release, collateral estoppel, judicial estoppel, ripeness, statute of limitations, indemnity, release, or other matters constituting an avoidance or affirmative defense as may be shown by the evidence.

### Second Affirmative Defense

ORR expressly reserves its rights to further amend this Amended Answer to the Complaint, including the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks knowledge or information but which may become available or apparent during the course of this litigation, through discovery or other means.

### Third Affirmative Defense

Ironclad has failed to mitigate its damages, if any.

**Fourth Affirmative Defense**

The damages sought in the Complaint were not caused by ORR and were the direct and proximate result of conduct of third parties, or were directly and proximately caused by Ironclad, or were caused the operation of external factors, or intervening and superseding causes, all beyond the control of ORR, and not by any act, statement, or omission attributable to ORR.

**Fifth Affirmative Defense**

Ironclad's claims are barred, in whole or in part, by the doctrine of proportionate responsibility pursuant to TEX. CIV. PRAC. & REM. CODE § 33.001. If necessary, pursuant to TEX. CIV. PRAC. & REM. CODE § 33.003, ORR requests that the trier of fact determine the percentage of responsibility for Ironclad and ORR, and each responsible third party who has been designated under TEX. CIV. PRAC. & REM. CODE § 33.004.

**Sixth Affirmative Defense**

ORR states that Ironclad failed to give proper notice of any alleged breach, or failed to perform or comply with some other required condition precedent for its claims and, therefore, its claims fail in whole or in part.

**Seventh Affirmative Defense**

Ironclad is not entitled to recover attorneys' fees.

**Eighth Affirmative Defense**

The Complaint fails to state a cause of action against ORR upon which relief may be granted and must, therefore, be dismissed.

**Ninth Affirmative Defense**

Ironclad's claims are barred in whole or in part by the terms, conditions and/or provisions set forth in the agreements between the parties.

**Tenth Affirmative Defense**

Ironclad's damages, if any, are barred in whole or in part because they are speculative, and are not allowed under the terms, conditions and/or provisions of the agreements between the parties.

**Eleventh Affirmative Defense**

Ironclad is not entitled to prejudgment interest because the amounts claimed, if any, are unliquidated, and Ironclad is not entitled to post-judgment interest because no amounts are owed.

**Twelfth Affirmative Defense**

Ironclad's claims are barred in whole or in part by Ironclad's consent to or ratification of the conduct alleged in the Complaint to be breaches of the agreements between the parties.

**Thirteenth Affirmative Defense**

Because Ironclad has no damages, this Court lacks jurisdiction over some or all of the claims asserted by Ironclad.

WHEREFORE, Defendant Orr Safety Corporation requests that the Complaint be dismissed with prejudice and ORR be awarded its costs and attorneys' fees incurred.

Respectfully submitted,

*/s/ Jennifer Metzger Stinnett*
Benjamin C. Fultz (admitted *pro hac vice*)
Jennifer Metzger Stinnett (admitted *pro hac vice*)
FULTZ MADDOX DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

-and-

Gregory M. Sudbury
Texas Bar No. 24033367
Rachel Lee Hytken
Texas Bar No. 24072163
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Main)
(214) 871-2111 (Fax)
gsudbury@qslwm.com

*Counsel for Defendant and Counterclaim Plaintiff Orr Safety Corporation*