# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

**IRONCLAD PERFORMANCE WEAR
CORPORATION,**

        **Plaintiff,**

**v.**

                                   **Civil Action No. 3:15-cv-03453-D**

**ORR SAFETY CORPORATION,**

        **Defendant**

---

## ORR SAFETY CORPORATION'S FIRST DISCOVERY REQUESTS
## TO IRONCLAD PERFORMANCE WEAR CORPORATION

---

Defendant/Counterclaimant Orr Safety Corporation ("Orr") propounds this first set of written discovery (the "Discovery Requests") pursuant to Fed. R. Civ. P. 33, 34 and 36 upon Plaintiff/Counterclaim Defendant Ironclad Performance Wear Corporation ("Ironclad").

## INSTRUCTIONS

1.      Please furnish all information, however obtained, that is within your knowledge, possession, or control (or your agents' or attorneys'), or which may be reasonably ascertained by you.

2.      Please supplement the initial responses to these Discovery Requests in writing to counsel for Plaintiff after service of the responses if information is ascertained or acquired that falls within the scope of these Discovery Requests.

3.      If you are unable to respond to any part of these Discovery Requests in full, after exercising due diligence to secure the information necessary to do so, please respond to the extent possible. Please specify that the response is or may not be complete.

**REQUEST FOR PRODUCTION NO. 46:** Produce any and all documents provided to or relied upon by any expert retained by Ironclad in this case.

**REQUEST FOR PRODUCTION NO. 47:** Produce any and all documents not subject to attorney-client privilege, and not otherwise responsive to the above requests, that you contend are supportive of any of the allegations or claims in the Complaint or Ironclad's defenses to the Counterclaim.

**REQUEST FOR PRODUCTION NO. 48:** Produce the personnel files for Ed Jaeger, Scott Jarus, Fred Castro, Thomas Kreig, Annie Evans, Jim Rice, Lee Turlington, Rhonda Hoffarth, and Bryan Griggs.

**REQUEST FOR PRODUCTION NO. 49:** Produce all agreements between you and the following individuals: Ed Jaeger, Scott Jarus, Fred Castro, Thomas Kreig, Annie Evans, Jim Rice, Lee Turlington, Rhonda Hoffarth, and Bryan Griggs. Please include any and all agreements with each of those individuals post-Ironclad employment, including consulting agreements after his or her employment, severance agreements, non-compete agreements, non-disclosure agreements, and confidentiality agreements.

**REQUEST FOR PRODUCTION NO. 50:** Produce a sample of every glove marketed as a co-branded KONG/Dickies glove, including, without limitation, the Dickies Heavy Duty Waterproof Impact, Dickies Heavy Duty Impact, Dickies Heavy Duty Deck Hand, Dickies Heavy Duty Knit (Cut Level 5), Dickies Heavy Duty Super Grip Impact, Dickies Heavy Duty (Cut Level 5), and any other glove similar to those above that is currently in development.

**REQUEST FOR PRODUCTION NO. 51:** Produce a sample of every glove marketed as an Ironclad Industrial Glove including, without limitation, the Vibram FR, Vibram Insulated Waterproof, Vibram OBM, Vibram OBM Cut 5, Vibram OBM XOR, Vibram Rigger, Vibram

Annual Report as filed with the Securities and Exchange Commission, the "qualified partner" referred to in relation to the KONG glove is Orr.

**REQUEST FOR ADMISSION NO. 8:**    Admit that, in 2013, Orr contacted Ironclad to discuss developing an impact-protection glove for use by Quanta Services Inc. (the "Quanta Project")

**REQUEST FOR ADMISSION NO. 9:**    Admit that Orr informed Ironclad in communications regarding the Quanta Project that Quanta Services Inc. was seeking a KONG-brand glove.

**REQUEST FOR ADMISSION NO. 10:**    Admit that the samples Ironclad sent to Quanta Services Inc. for testing in 2013 for the Quanta Project were not branded as KONG gloves, but were branded as the "Ironclad Rigger Cut-5."

**REQUEST FOR ADMISSION NO. 11:**    Admit that the "Ironclad Rigger Cut-5" featured the same distinctive back-of-the-hand protection, in the same pattern, as KONG gloves.

**REQUEST FOR ADMISSION NO. 12:**    Admit that Ironclad, in discussions with Orr regarding the Quanta Project, conceded that its branding of the glove produced for the Quanta Project as an Ironclad glove rather than a KONG glove would have been a breach of Ironclad and Orr's Exclusive License and Distributorship Agreement dated January 6, 2009.

Respectfully submitted,

/s/ Jennifer Metzger Stinnett
Benjamin C. Fultz (admitted *pro hac vice*)
Jennifer Metzger Stinnett (admitted *pro hac vice*)
FULTZ MADDOX DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

-and-

Gregory M. Sudbury
Texas Bar No. 24033367
Rachel Lee Hytken
Texas Bar No. 24072163
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Main)
(214) 871-2111 (Fax)
gsudbury@qslwm.com

*Counsel for Defendant and Counterclaim Plaintiff
Orr Safety Corporation*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon the following counsel via email on December 16, 2015, in accordance with the agreement reached between the parties for electronic service and the Federal Rules of Civil Procedure:

Daniel H. Charest
Warren T. Burns
Will Thompson
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, Texas 75201
dcharest@burnscharest.com
wburns@burnscharest.com
wthompson@burnscharest.com

Joshua Stambaugh
Michael Sherman
Stubbs Alderton & Markiles LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
jstambaugh@stubbsalderton.com
masherman@stubbsalderton.com

*Counsel for Plaintiff/Counterclaim Defendant*

/s/ Jennifer Metzger Stinnett
*Counsel for Defendant/Counterclaim Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:15-cv-03453-D |
| v. | § § | |
| ORR SAFETY CORPORATION, | § § | |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

TO:   Defendant, by and through their attorneys of record, Benjamin C. Fultz, Jennifer Metzger Stinnett, FULTZ MADDOX DICKENS PLC, 2700 National City Tower, Louisville, Kentucky 40202 and Gregory M. Sudbury, and Rachel Lee Hytken, QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C., 2001 Bryan Street, Suite 1800 Dallas, Texas 75201.

Pursuant to Federal Rules of Civil Procedure 26, 34, and 36, Plaintiff Ironclad Performance Wear Corp. responds to the First Discovery Requests from Defendant ORR Safety Corp.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each instruction, definition, or request that seeks to impose obligations inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Texas (the "Local Rules"), or the Court's rules.

2.      Plaintiff objects to each interrogatory request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work-product doctrine, Federal Rule of Civil Procedure 26(b)(4)(B), or any other applicable evidentiary privilege, doctrine, or protection from discovery (hereafter, "privileged information").

3.      Plaintiff objects to each interrogatory or request to the extent that compliance would be unduly burdensome or not proportional to the needs of the case. In particular, because of the

- 1 -

of settlement and mediation materials. Plaintiff further objects to this request to the extent it seeks confidential and proprietary information and/or trade secrets.

Subject to and without waiving any of the general or specific objections, Plaintiff responds as follows: Plaintiff will produce responsive documents, not privileged or otherwise protected from disclosure, if any, that can be found following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

Produce the personnel files for Ed Jaeger, Scott Jarus, Fred Castro, Thomas Kreig, Annie Evans, Jim Rice, Lee Turlington, Rhonda Hoffarth, and Bryan Griggs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff repeats and incorporates by reference each of its general objections as set out above in full. In addition to and without waiving the general objections, Plaintiff objects to this request to the extent that it seeks the production of documents protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, rights of privacy including but not limited to private financial or tax information, and the protection of settlement and mediation materials. Plaintiff further objects to this request to the extent it seeks confidential and proprietary information and/or trade secrets. Plaintiff further objects to this request on the grounds that is it overbroad, harassing, unduly burdensome and oppressive, and that the documents this request seeks are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the general or specific objections, Plaintiff responds as follows: Plaintiff will not produce any documents in response to this request. Plaintiff stands ready to meet and confer to determine if this request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of documents, with appropriate third party consents.

- 51 -

**APPENDIX - 7**

**REQUEST FOR PRODUCTION NO. 49:**

Produce all agreements between you and the following individuals: Ed Jaeger, Scott Jarus, Fred Castro, Thomas Kreig, Annie Evans, Jim Rice, Lee Turlington, Rhonda Hoffarth, and Bryan Griggs. Please include any and all agreements with each of those individuals post-Ironclad employment, including consulting agreements after his or her employment, severance agreements, non-compete agreements, non-disclosure agreements, and confidentiality agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff repeats and incorporates by reference each of its general objections as set out above in full. In addition to and without waiving the general objections, Plaintiff objects to this request to the extent that it seeks the production of documents protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, rights of privacy including but not limited to private financial or tax information, and the protection of settlement and mediation materials. Plaintiff further objects to this request to the extent it seeks confidential and proprietary information and/or trade secrets. Plaintiff further objects to this request on the grounds that is it overbroad, harassing, unduly burdensome and oppressive, and that the documents this request seeks are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the general or specific objections, Plaintiff responds as follows: Plaintiff will not produce any documents in response to this request. Plaintiff stands ready to meet and confer to determine if this request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of documents, with appropriate third party consents.

**REQUEST FOR PRODUCTION NO. 50:**

Produce a sample of every glove marketed as a co-branded KONG/Dickies glove, including, without limitation, the Dickies Heavy Duty Waterproof Impact, Dickies Heavy Duty Impact, Dickies Heavy Duty Deck Hand, Dickies Heavy Duty Knit (Cut Level 5), Dickies Heavy

- 52 -

Daniel H. Charest
State Bar No. 24057803
Warren T. Burns
State Bar No. 24053119
Will Thompson
State Bar No. 24094981
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
wburns@burnscharest.com
wthompson@burnscharest.com

Attorneys   for   Plaintiff/Counterclaim
Defendant

Of Counsel:

Michael A. Sherman (California Bar No. 94783)
*Admitted Pro hac Vice*
Joshua S. Stambaugh (California Bar No. 233834)
*Admitted Pro hac Vice*
STUBBS ALDERTON & MARKILES, LLP
15260 Ventura Boulevard, 20th Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4500
Facsimile: (818) 444-4520
masherman@stubbsalderton.com
jstambaugh@stubbsalderton.com

Attorneys for Plaintiff/Counterclaim Defendant

- 60 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on

the following counsel of record, this 15th day of January, 2016, via email as indicated below:

Benjamin C. Fultz
Jennifer Metzger Stinnett
FULTZ MADDOX DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

Gregory M. Sudbury
Rachel Lee Hytken
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
gsudbury@qslwm.com
rhytken@qslwn.com


/s/ Will Thompson
Will Thompson

**Matt Williams**

| | |
|---|---|
| **From:** | Jennifer Metzger Stinnett |
| **Sent:** | Thursday, May 26, 2016 11:41 AM |
| **To:** | 'Michael Sherman' |
| **Cc:** | Daniel Charest; Will Thompson (wthompson@burnscharest.com); Larry Vincent; Andrew Bynum (abynum@burnscharest.com); Barak Kamelgard; Ben Fultz; Twila Carson; Corey Shapiro; Amy Hoagland; David Harris |
| **Subject:** | RE: Depositions |

Understood on deposition dates. We have to get these confirmed because everyone's summer schedules are filling up. Please let me know as soon as you know.

As to why Orr is entitled to the personnel files, there are many reasons. These folks were intimately involved in the Orr-IC relationship, so these files will contain information likely to lead to admissible evidence. The files will no doubt have information relevant to Orr, Kong, and the parties' evolving relationship. Their separations from IC are obviously discoverable since they left right before or right after when the new leadership team at IC started in early 2014. Their job responsibilities had them working with KONG and Orr all the time, so we are entitled to know about their entire relationship with IC in this regard. Orr is entitled to know anything about their job performance and history at IC given the significant amount of responsibilities devoted to ORR and KONG.

Please advise when someone on your team can discuss this time sensitive issue today or tomorrow. We need these produced no later than Tuesday in order to meaningfully review them.

Thanks,

Jenny

## FULTZ MADDOX DICKENS
### ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Wednesday, May 25, 2016 4:38 PM
**To:** Jennifer Metzger Stinnett
**Cc:** Daniel Charest; Will Thompson (wthompson@burnscharest.com); Larry Vincent; Andrew Bynum (abynum@burnscharest.com); Barak Kamelgard; Ben Fultz; Twila Carson; Corey Shapiro; Amy Hoagland; David Harris
**Subject:** RE: Depositions

Hi Jenny

I would be the one handling this. Recall that my son is getting married this weekend and I'm in New York at present.

1

Re depositions, I should have some additional information for you tomorrow. I have personally been speaking with some of the witnesses, as recently as this afternoon.

Re the document issue, a question: Obviously personnel files are always a sensitive issue in just about any litigation other than employment litigation with the affected employee (and even then …). We had indicated in our response (which you were kind enough to provide us that "Plaintiff stands ready to meet and confer to determine if this request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of documents, with appropriate third party consents"). Knowing of our position, can you share in advance what you have in mind, so we could at least consider this, in advance of any meet and confer in order to discuss with our client and potentially even the employees in issue. Assuming your answer is "yes," i.e., you'll share some thoughts in advance, can you do that, we'll then take the information back to the appropriate people, and then get back to you?

Inasmuch as I know that in any meet and confer on the subject we'll need to take whatever your position is to others and discuss with them, and given that I am really tied up in pre-wedding plans now, I would like to see where you are coming from, first, and then I could get back to you. OK?

Thanks
MAS



| V-card | Bio | Website |

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Jennifer Metzger Stinnett [mailto:jstinnett@fmdlegal.com]
**Sent:** Wednesday, May 25, 2016 12:06 PM
**To:** Michael Sherman <masherman@stubbsalderton.com>
**Cc:** Daniel Charest <dcharest@burnscharest.com>; Will Thompson (wthompson@burnscharest.com) <wthompson@burnscharest.com>; Larry Vincent <lvincent@burnscharest.com>; Andrew Bynum (abynum@burnscharest.com) <abynum@burnscharest.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>;

**APPENDIX - 12**

Ben Fultz <bfultz@fmdlegal.com>; Twila Carson <tcarson@fmdlegal.com>; Corey Shapiro <cshapiro@fmdlegal.com>; Amy Hoagland <ahoagland@fmdlegal.com>
**Subject:** RE: Depositions

Gentlemen:

First, please advise of your availability (or at least one of you) to meet and confer tomorrow or Friday on the following discovery request and Ironclad's response to the same:

REQUEST FOR PRODUCTION NO. 48: Produce the personnel files for Ed Jaeger, Scott Jarus, Fred Castro, Thomas Kreig, Annie Evans, Jim Rice, Lee Turlington, Rhonda Hoffarth, and Bryan Griggs.


RESPONSE TO REQUEST FOR PRODUCTION NO. 48:
Plaintiff repeats and incorporates by reference each of its general objections as set out above in full. In addition to and without waiving the general objections, Plaintiff objects to this request to the extent that it seeks the production of documents protected by applicable constitutional, statutory or common law privileges and/or protections, including of third parties, and including but not limited to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, rights of privacy including but not limited to private financial or tax information, and the protection of settlement and mediation materials. Plaintiff further objects to this request to the extent it seeks confidential and proprietary information and/or trade secrets. Plaintiff further objects to this request on the grounds that is it overbroad, harassing, unduly burdensome and oppressive, and that the documents this request seeks are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the general or specific objections, Plaintiff responds as follows: Plaintiff will not produce any documents in response to this request. Plaintiff stands ready to meet and confer to determine if this request can be properly defined, modified, and limited so that it is confined to a relevant, reasonable, and identifiable collection of documents, with appropriate third party consents.

Second, I still did not hear back regarding the deposition dates.  Please advise.

Jenny

**FULTZ MADDOX DICKENS**

ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Monday, May 23, 2016 6:32 PM
**To:** Jennifer Metzger Stinnett
**Cc:** Daniel Charest; Will Thompson (wthompson@burnscharest.com); Larry Vincent; Andrew Bynum (abynum@burnscharest.com); Barak Kamelgard; Ben Fultz; Twila Carson; Corey Shapiro; Amy Hoagland
**Subject:** RE: Depositions

Jennifer

**Matt Williams**

| | |
|---|---|
| **From:** | Jennifer Metzger Stinnett |
| **Sent:** | Thursday, June 02, 2016 3:37 PM |
| **To:** | Michael Sherman (masherman@stubbsalderton.com); Barak Kamelgard (bkamelgard@stubbsalderton.com); Daniel Charest (dcharest@burnscharest.com); Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com) |
| **Cc:** | Ben Fultz; Twila Carson; Corey Shapiro; Amy Hoagland; Matt Williams |
| **Subject:** | RE: 6-1-16 Call |

Michael:

As promised, I am following up to our call regarding the personnel files. As an initial point, I said on the call that I would try and get Rice and Castro's written approval to get the files. But after more thought, and review of the case law, I do not believe that is necessary because Orr is clearly entitled to this discovery. I agree with you that this is not an issue worth filing a motion to compel over, but I think it is because what we have requested is entirely reasonable and within the bounds of discoverable evidence.

You indicated on the call that Ironclad believes there is a higher discovery standard for personnel files in the Fifth Circuit and that our reasoning previously provided for the same did not reach that standard. We disagree. Courts in the 5th Circuit routinely grant motions to compel production of personnel files in cases. *See, e.g., Seibu v. KPMG LLP,* 2002 WL 87461 (N.D. Tex. Jan. 18, 2002); *Barber v. Dolgencorp of Texas, Inc.,* 2010 WL 1375193 (E.D. Tex. Mar. 31, 2010); *Riley v. Walgreen Co.,* 233 F.R.D. 496 (S.D. Tex. 2005). Those courts dismiss any concerns regarding private information by requiring the parties enter a confidentiality agreement or protective order, which already exists in this case, and would protect the employees' confidentiality. *See Riley,* 233 F.R.D. at 500 ("Walgreen's concerns about protecting employee privacy can be dealt with through a confidentiality agreement limiting their use and disclosure"); *E.E.O.C. v. Knight Transp., Inc.,* 2008 WL 4056189 (N.D. Miss. Aug. 25, 2008) (recognizing the relevancy of personnel files but noting it "is also concerned about the privacy of those individuals who are not a party to the case. Consequently, the defendant *will produce* such documents subject to the terms of the protective order.") (emphasis supplied).

You indicated the files were only 160 pages. This is not burdensome. Furthermore, we agree that these can be confidential and subject to the confidentiality agreement. We agree that all social security numbers and family information can be redacted. This seems to be what the Fifth Circuit law was concerned with, as well as adverse parties asking for an entire company's personnel files, which we are not doing here. *See, e.g., Clemons v. Dollar Gen'l Corp.,* 2010 WL 1994809 (N.D. Miss. May 18, 2010). We are asking for the files of former employees whose jobs had them interacting with Orr and with KONG on a daily basis and who left the company in a point of time that Orr believes is critical in this litigation. We are entitled to make our own decisions as to what is important or not.

If you would like to give a more detailed inventory, we will narrow the request. We definitely want all agreements with Ironclad and all performance reviews. We do not necessarily want insurance forms or copies of drivers' licenses, but think the remainder of the files should be produced.

Please reconsider your blanket refusal to produce these files. If you want to exchange a detailed inventory, we are willing to review that in an effort to narrow the request. But right now we are really shooting in the dark.

Thanks,

Jenny

**APPENDIX - 14**

**FULTZ MADDOX DICKENS**
                              PLLC
                    ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Jennifer Metzger Stinnett
**Sent:** Wednesday, June 01, 2016 8:00 PM
**To:** Michael Sherman (masherman@stubbsalderton.com); Barak Kamelgard (bkamelgard@stubbsalderton.com); Daniel Charest (dcharest@burnscharest.com); Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com)
**Cc:** Ben Fultz; Twila Carson; Corey Shapiro; Amy Hoagland; Matt Williams
**Subject:** 6-1-16 Call

Michael –

Below is a summary of the call.  Please let me know if you have anything to add/clarify.

Depositions:
- McCown – one day the week of June 13-17 (with a preference not on the 13th for travel purposes) - Dallas
- Rice – June 22 (subject to confirmation with the witness) – San Diego
- Castro – June 23 (subject to confirmation with the witness) – Los Angeles
- DiGregorio – July 6 (starting early am – like 8 am) – please provide alternative dates in the following week of July if this does not work asap.  If I do not hear from you, I will assume it works.
- Clayton – July 6 (starting when done with DiGregorio – likely 10 pm) – please provide alternative dates in the following week in July if this does not work asap.  If I do not hear from you, I will assume it works.
- For both DiGregorio and Clayton you indicated you may need an agreed upon stop time due to a flight.  We are willing to do so but with the caveat that the remainder of the deposition may need to be continued for another day.
- Griggs – You are confirming a date in July for him.
- I have asked for dates from my client for the following Orr employees (July/August): Sweedler, Aldridge, Clark Orr, Charlie Strickland, George Smith
- You indicated you would be noticing some third parties depositions (Marathon, although not sure what entity as of yet and Tony Saccocio) but that you would work on dates with us.

Personnel files:

You indicated on the call that Ironclad believes there is a higher discovery standard for personnel files in the Fifth Circuit and that our reasoning previously provided for the same did not reach that standard.  We are looking into the case law you cited and determine if the Fifth Circuit requires the personnel file request to be limited.  If we agree with this interpretation, we will more narrowly tailor the request.  However, we do believe that, based on your representations as to what was contained in the personnel files, some of the information within these files will be responsive to other discovery requests Orr has made (everything referencing Orr, for example).  I also point out that you indicated the entirety of the personnel files was only 160 pages, so it is not burdensome to produce.  Finally, we will agree that these can be confidential and subject to the confidentiality agreement and that all social security numbers and family information can be redacted.

2

**APPENDIX - 15**

I hope to have a firm answer to this tomorrow.

Other:

You indicated that Barak is going to respond to the privilege issues raised in our letters.  Who is going to respond to Corey's ESI letter?

Thanks,

Jenny

## FULTZ MADDOX DICKENS
#### ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

 STUBBS
ALDERTON &
MARKILES, LLP

Michael A. Sherman
Partner
Direct Voice    818.444.4528
Direct Fax      818.444.6328
Mobile          818.631.9109
E-Mail          masherman@stubbsalderton.com

June 10, 2016

**VIA E-MAIL**
*(jstinnett@fmdlegal.com)*
*(cshapiro@fmdlegal.com)*

Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
Fultz Maddox Dickens PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202

   **Re:** **Ironclad Performance Wear Corp. v. ORR Safety Corp.**
     **Case No. 3:15-CV-3453-D**

Dear Counsel:

   I write in response to your June 2, 2016 email concerning ORR Safety Corp.'s ("ORR") request that Ironclad Performance Wear Corp. ("Ironclad") produce the personnel files of its former employees. After careful consideration of ORR's stated position and following a thorough review of the contents of multiple personnel files, Ironclad cannot agree to produce the requested documents. Having reviewed multiple personnel files (specifically, the files of Eduard Jaeger, Scott Jarus, Bryan Griggs, Fred Castro and Jim Rice), we know they do not contain any information that has any relevance to the parties' claims or defenses, and their production would therefore unnecessarily invade the privacy of Ironclad's former employees and undermine Ironclad's ability to fairly and honestly evaluate its current and future employees. Under these circumstances, the relevant case law maintains that the personnel files need not—indeed, should not—be produced.

   "There is a strong public policy against the disclosure of personnel files." *McDonald v. ExxonMobil Chem. Co.*, 2001 WL 34109381, at *1 (S.D. Tex. Dec. 7, 2001) (requiring production pursuant to a protective order because documents were "vital" to plaintiff's Title VII lawsuit). Employees have an inherent privacy interest in their personnel files, and justifiably expect that such files will be kept confidential. *Id.*; *see also In re Xarelto (Rivaroxaban) Products Liab. Litig.*, 313 F.R.D. 32, 37 (E.D. La. 2016) ("[T]he information in personnel records invariably contains a significant privacy interest); *E.E.O.C. v. Knight Transp., Inc.*, 2008 WL 4056189, at *1 (N.D. Miss. Aug. 25, 2008) (noting "the inherent privacy interests" in personnel files). Employers also have a significant interest in keeping

15260 Ventura Boulevard, 20th Floor ■ Sherman Oaks, California 91403
office 818.444.4500 ■ fax 818.444.4520

1453 3rd Street Promenade, Suite 300 ■ Santa Monica, California 90401
office 310.746.9800 ■ fax 310.395.5292

www.stubbsalderton.com

APPENDIX - 17

Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
June 10, 2016
Page 2

their employees' personnel files confidential since the "disclosure of personnel files and [the] evaluations [they contain] would discourage the candid evaluations of employees and thereby hamper the ability of companies to maintain their standards and improve their performance." *McDonald*, 2001 WL 34109381, at *1; *see also In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 580 (E.D. Pa. 1989) ("Strong public policy exists against disclosure of the personnel records ... because disclosure would invade [the] employees' privacy, and firms might cease to frankly criticize their own [employees'] performance." (internal quotations omitted)).

Given that employees and employers both have a legitimate interest in maintaining the confidentiality of their personnel files, the Fifth Circuit has held that district courts should order disclosure only after carefully considering various factors, including (1) "whether the information sought is factual data or evaluative summary" and (2) "the importance of the information sought to the ... case." *Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991) (directing courts to apply the factors identified in the case of *Frankenhauser v. Rizzo*); *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973) (setting forth the factors). Applying this test, "[c]ourts in the Fifth Circuit allowing the disclosure of personnel records have done so only when the personnel files contained material highly relevant to the case at hand." *In re Xarelto*, 313 F.R.D. at 37. Indeed, production should not be required "absent a *compelling* demonstration of relevance." *Clemons v. Dollar Gen. Corp.*, 2010 WL 1994809, at *5 (N.D. Miss. May 18, 2010) (emphasis added). Such a "compelling" demonstration of relevance must be made with "particularity on a witness-by-witness basis." *In re Xarelto*, 313 F.R.D. at 38. (concluding that the "one-size-fits-all discovery requests for eight separate categories of documents for all deposed witnesses ... is insufficient under the [Fifth Circuit's] standard").

Here, as indicated in your June 5 email, ORR is specifically seeking the performance reviews (*i.e.*, "evaluative summaries") contained in the personnel files of Ironclad's former employees, which the Fifth Circuit has recognized as particularly sensitive documents deserving of extra protection. ORR has not and cannot demonstrate—let alone compellingly demonstrate—that these documents are so relevant to this case as to overcome the strong public policy against their disclosure. This is not a case that involves a claim of work-place discrimination, work-place harassment, or wrongful termination, where personnel files might be the only means of showing that an employee was treated differently from other, similarly situated employees. Rather, this is a case that involves relatively straightforward breach of contract claims between two corporations (not between individuals), and the personnel files are, on their face, entirely irrelevant to those claims. The performance evaluations of Ironclad's former employees do not shed any light on whether ORR failed to properly market KONG gloves or sold gloves that competed with and were comparable to KONG gloves. Nor do they shed any light on any of Ironclad's or ORR's contract-based claims. You are certainly free to inquire with any individual in deposition the reasons that person had for the severing of his/her relationship with Ironclad, as well as any reason that may have been given to that person



Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
June 10, 2016
Page 3

by Ironclad for the severing of his/her employment relationship. But going beyond that by now insisting on production of personnel files is inappropriate for the reasons provided herein.

Even though the personnel files are facially irrelevant to this case, we took the time to thoroughly review all of the documents contained in the personnel files for Eduard Jaeger, Scott Jarus, Bryan Griggs, Fred Castro and Jim Rice. Our review has confirmed that there is no reason to produce the personnel files. Two of the personnel files do not contain a single reference to either ORR or KONG. Two of the other files only refer once to either ORR or KONG to specifically state that they are not including ORR or KONG in the topic being discussed. And the remaining file references ORR (not KONG) only in passing in a completely unrelated context. There is, in short, nothing in the files that is in any way relevant to this case—and certainly nothing so compellingly relevant as to justify the disclosure of performance reviews of former employees who are not parties to this action. Based on the case law and our review of the files, we respectfully stand by our original response to ORR's request for production:  we will not produce the requested documents.

We believe that this letter clearly sets forth our position on the personnel files.

Very truly yours,

Michael A. Sherman

MAS/jez

| To: | Vane Clayton2[vclayton@kpaonline.com] |
|---|---|
| From: | Jeff Cordes |
| Sent: | Sun 4/27/2014 3:55:13 AM |
| Importance: | Normal |
| Subject: | Re: New heads up |
| Received: | Sun 4/27/2014 3:55:14 AM |

We are cobra ding on redwing and my guess ditto on Dickies - still not landed on redwing although talk is good

Monday

Sent from my iPhone
**Jeffrey Cordes**
JVC Ventures
Phone (817)832 0453
Skype (817) 439 6455
Email: jeff.cordes@jvcventures.com
*The best way to predict the future is to create it!*

On Apr 26, 2014, at 8:58 PM, "Vane Clayton" <vclayton@kpaonline.com> wrote:

> Jeff,
>
> Would Dickies and Redwing be selling the Ironclad/Kong brands, co-branding or rebranding?  Very exciting that you have gotten both to the table so quickly.  Talk on Monday.
>
> **Vane Clayton**
> KPA | CEO | vclayton@kpaonline.com | Office: (303) 228-8760 | Mobile: (720) 470-7411 | www.kpaonline.com
>
> <image001.png>
> Introducing DigiGo, a KPA company.
> *DigiGo offers custom websites, SEO, marketing programs and social media management to optimize their clients' total online presence.*
>
> **From:** Jeff Cordes [mailto:jeffc@ironclad.com]
> **Sent:** Friday, April 25, 2014 6:08 PM
> **To:** Vane Clayton
> **Cc:** Jeff Cordes
> **Subject:** New heads up
>
> **Vane – little bit of a roller coaster here today – I am sure we will do the right thing about it over time but want to get you in the loop.**



**This morning I received a call from Bryan Griggs who has just finished a conference call from the road with a "new distributor" out of Europe that Orr was setting up.**

    ∀  **Come to find out ORR granted this new player <u>Exclusive Distribution</u> for all German speaking countries in the EU.**

    ∀  **When asked what the opening order was for this right the distributor said we had to buy 2,000 units.**

&forall;  When asked about how big the annual minimums were set to for this exclusive deal the response was… we have no minimums!

&forall;  When asked well what experience do you have as distributors in this industry the answer was:  We are caterers … we don't have any experience, we just thought we could sell gloves!

███████████████

30 minutes later my new SVP  International (Starts 8/1) calls and tells me that we has gotten Dickies Senior management to go all Ironclad and Kong!  Now I have the potential to have the two largest players in Oil and Gas out there in Dickies and Redwing.

*But wait*…. We cannot do either deal with Redwing (K&L Ross) or Dickies because we now have a "caterer" with the exclusive license to sell into most of Europe.

My new employee's response was this:  "Jeff, I have put my rear on the line here and I can tell you this… Dickies nor Redwing will work with you if Orr has done this and put their nose where it does not belong.  How could this have happened? How can ORR even be in this picture?"

Bryan, at my  request call Mark (brand manager) at ORR and asked him; "Mark, did you really do this? " Mark replies: "Yes I did. Isn't it great! They don't know gloves but they wanted to try so I did it!"  When asked did that mean that K&L Ross / Redwing could not sell into Europe now the answer was.. that is correct they cannot.

Well if it was not clear before it is now.  ORR is over its heads but they have no clue of it and their egos won't allow them to see it. They can make a poor story for the USA and that is a stretch. They have done nothing in Canada and clearly are at best bumbling idiots overseas.  Every day that goes by we are at greater risk of them dragging us down. ████████

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████ However I cannot in good conscious allow this contract to continue.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Vane – not dumping this on you – my issue (maybe opportunity)  and I will handle. However, I value your counsel and thoughts.

Nothing will change over the weekend so this can wait till Monday but I will touch base then.

Thanks so much for listening

Jeff

Ironclad_0002964