

Michael A. Sherman
Partner
Direct Voice    818.444.4528
Direct Fax      818.444.6328
Mobile          818.631.9109
E-Mail          masherman@stubbsalderton.com

June 30, 2016

       Re:    **Ironclad Performance Wear Corp. v. ORR Safety Corp.**
                 **Case No. 3:15-CV-3453-D**

To the Court and to all parties and their attorneys of record,

Pursuant to the Court's June 20, 2016 order (Dkt. 69), Ironclad Performance Wear Corp. ("Ironclad") met and conferred with ORR Safety Corp. ("ORR") on June 27, 2016, regarding ORR's motion to compel (Dkt. 66). But the parties were unable to resolve their dispute. Ironclad therefore submits this letter brief in opposition to ORR's motion.[1]

ORR moves to compel Ironclad to produce the personnel files of eight former Ironclad employees and one former Ironclad consultant (collectively, the "former employees"). In bringing its motion, however, ORR disregards the Fifth Circuit's leading case regarding the discovery of personnel files, and studiously avoids informing the Court that this case and its progeny require a heightened showing of relevancy in order to compel the production of such files and the potentially sensitive information that they contain. Under the correct legal standard, ORR is not entitled to discover the personnel files it seeks.

### Personnel Files Require a "Compelling" Showing of Relevancy

"There is a strong public policy against the disclosure of personnel files." *McDonald v. EcconMobil Chem. Co.*, 2001 WL 34109381, at *1 (S.D. Tex. Dec. 7, 2001) (quotations omitted). Unlike typical custodial files, "[e]mployee personnel files contain much irrelevant but

---

[1] Space limits prevent Ironclad from addressing the various factual misrepresentations in ORR's motion. For example, ORR claims that Ironclad admitted that the personnel files contain various references to ORR and KONG when, in fact, Ironclad stated that the five personnel files it had thus far reviewed only contain a handful of references to ORR and KONG and that none of those references are relevant to this case.

sensitive and potentially embarrassing information [about a company's employees], for example, alimony and child support garnishment, tax records, and drug test results." *Williams v. Roy O. Martin Lumber Co. LLC*, 51 Fed. Appx. 483, at *6 (5th Cir. 2002). Employees therefore have an inherent privacy interest in their personnel files, and justifiably expect that such files will be kept confidential. *McDonald*, 2001 WL 34109381, at * 1; *see also In re Xarelto (Rivaroxaban) Products Liab. Litig.*, 313 F.R.D. 32, 37 (E.D. La. 2016) (same).

Employers also have a significant interest in keeping personnel files confidential because the "disclosure of personnel files and [the] evaluations [they contain] would discourage the candid evaluations of employees and thereby hamper the ability of companies to maintain their standards and improve their performance." *McDonald*, 2001 WL 34109381, at *1 (quotations omitted); *see also In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 580 (E.D. Pa. 1989) ("Strong public policy exists against disclosure of the personnel records … because … firms might cease to frankly criticize their own [employees'] performance." (quotations omitted)).

Given that employees and employers *both* have a legitimate interest in maintaining the confidentiality of their personnel files, the Fifth Circuit has developed a "specific discovery test" for such files. *See In re Xarelto*, 313 F.R.D. at 37 ("Personnel files have a specific discovery test in the Fifth Circuit for a reason: they are special."). This test was first articulated in *Coughlin v. Lee*, 946 F.2d 1152, where the Fifth Circuit concluded that district courts should order disclosure of personnel files only after balancing the propounding party's interest in discovery against the employer and employee's shared interest in privacy. *Coughlin*, 946 F.2d at 1160. The Fifth Circuit specified that, as part of this balancing test, district courts should consider various factors identified in the case of *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973), including (1) "whether the information sought is factual data or evaluative summary," (2) "whether the information sought is available through other discovery or from other sources," and (3) "the

importance of the information sought to the … case." 59 F.R.D. at 344.; *see also Stephens v. Austin*, 2014 WL 3784267, at *3 (W.D. Tex. July 31, 2014) (the "leading case" is *Coughlin*.").

Applying the *Coughlin* test, "[c]ourts in the Fifth Circuit allowing the disclosure of personnel records have done so only when the personnel files contained material highly relevant to the case at hand." *In re Xarelto*, 313 F.R.D. at 37. Indeed, production should not be required "absent a *compelling* demonstration of relevance." *Clemons v. Dollar Gen. Corp.*, 2010 WL 1994809, at *5 (N.D. Miss. May 18, 2010) (emphasis added); *see also McDonald*, 2001 WL 34109381, at *1 (describing personnel files as "a vital part of a plaintiff's Title VII lawsuit"). Such a compelling demonstration of relevance must be made with "particularity on a witness-by-witness basis." *In re Xarelto*, 313 F.R.D. at 38. (concluding that the "one-size-fits-all discovery requests for eight separate categories of documents for all deposed witnesses … is insufficient under the [Fifth Circuit's] standard").

### ORR Cannot Make a Compelling Showing of Relevancy

ORR insists that it is entitled to discover Ironclad's personnel files on various grounds, but none of them are sufficient under *Coughlin*. *First*, ORR insists that the performance evaluations contained in the personnel files may shed light on whether and which parties breached their contractual obligations. (Mot. at 12.) ORR apparently believes that a poor performance evaluation is relevant to show, for example, that Ironclad "failed to timely deliver products." (Mot. at 12.) But Ironclad's opinions of its own employees are almost entirely irrelevant to this question, and there are many other much more direct ways to discover facts relevant to this issue. For example, the timeframe within which Ironclad fulfilled various orders will necessarily be reflected in Ironclad's, ORR's, and its customers' custodial records. There is no reason—and certainly no *compelling* reason—that the private personnel files of former employees who are not a party to this case should be disclosed based on this question, or any

other question as to whether the parties breached their agreements (which have nothing to do with personnel matters). Were it otherwise, any party to any breach of contract case could compel the production of its opponent's personnel files on the theory that those files might contain negative performance evaluations that could be used to bolster its breach of contract claim. (*See* Mot. at 13 (arguing "virtually all aspects of job performance evaluations" are relevant).) This is not the law in the Fifth Circuit.

*Second*, ORR claims that the personnel files are relevant because it has alleged that Ironclad's supposed "cycling through staff was detrimental to [its] ability to fulfill its obligations to ORR." (Mot. at 13-14.) But, as ORR effectively concedes, the personnel files are not relevant to showing *whether* Ironclad "cycled through staff." Rather, they are relevant, at most, to showing *why* various personnel changes were made. (Mot. at 14.) Despite ORR's contentions (Mot. at 13), the question of *why* simply is not relevant to ORR's claims or defenses; breach of contract, after all, does not have any sort of *mens rea* element. All that is relevant is whether the supposed "cycling" occurred and whether changes of staff negatively impacted Ironclad's performance. The personnel files are manifestly irrelevant to these questions, and there are many more direct routes to this information, assuming it is genuinely needed.

*Third*, ORR contends that the personnel files, and any reviews, contracts or agreements they include, are relevant to show potential witness bias. (Mot. at 14 (arguing that the personnel files are "crucial to assessing the credibility of the witnesses").) But "the ever-present search for evidence of witness bias [is] insufficient under *Coughlin* … to compel the personnel files of every employee." *In re Xarelto*, 313 F.R.D. at *38. "Parties seeking access to personnel files for impeachment purposes must summon a more particularized argument than a mere allusion to the use of bias evidence." *Id.* Here, ORR broadly claims that it is entitled to take discovery of the personnel files because they might include evidence that Ironclad's former employees "may have

reason to be biased in Ironclad's favor." (Mot. at 14.) But the same argument could be advanced in *any* case where a party's former employee will take the stand. "[I]f [such] a broadly-sketched call for impeachment evidence were sufficient to override privacy interests in personnel files, the *Coughlin* standard would be meaningless." *In re Xarelto*, 313 F.R.D. at *38, n.3.

At base, as demonstrated by the case law ORR itself cites, personnel files should be produced only when they are directly relevant to a specific cause of action. For example, in employment cases involving claims of harassment, discrimination, or retaliatory discharge. *See E.E.O.C.*, 2008 WL 4056189 (retaliatory discharge); *Jaspen v. Florida Board of Regents*, 610 F.2d 1379 (5th Cir. 1980) (Title VII discrimination); *McDonald*, 2001 WL 34109381 (Title VII discrimination). Or in cases where the employer's knowledge is at issue. *See Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D. Tex. 2005). This is not one of those cases.

Finally, ORR suggests that the Court should order the personnel files produced simply because there is a protective order already in place. (Mot. at 16.) While a protective order may mitigate privacy concerns, it does not eliminate them. Nor is a protective order a substitute for a showing of relevancy. The existence or non-existence of a protective order between the parties has little to do with any former employees' legitimate expectations of privacy or of an employer's expectation that it has the right to engage in candid evaluations of its employees, akin to a privileged communication. ORR's motion should be denied given its failure to show, let alone *compelling* show, that the personnel files are at all relevant to this case.[2]

Respectfully submitted,

Michael A. Sherman

---

[2] Even if the Court deems the personnel files discoverable, Ironclad's objection to producing them was made in good faith and "substantially justified" given the Fifth Circuit's case law. Fed. R. Civ. Proc. 37(a)(5). Ironclad therefore respectfully requests that the Court deny ORR's request for its reasonable expenses, regardless of the outcome of this dispute. (*See* Mot. at 16.)

## CERTIFICATE OF SERVICE

      On June 30, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
Counsel for Plaintiff/Counterclaim Defendant