

Materials

Financial Data - AB Summaries

Analysis of [ ] Against ORR 850-851

ABynum Summary of ORR 318 (AEO)

Depositions

Mark Wiktorski 5-10-16 ROUGH DRAFT.txt

Financial Data

ORR0000318 AEO.xlsx

ORR0000851 AEO.xlsx

ORR0000850 AEO.xlsx

Ironclad_0011036

**APPENDIX - 1**

**Subject:** Fwd: Ironclad - ███████ --PRIVILEGED & CONFIDENTIAL
**Date:** Wednesday, June 1, 2016 at 6:34:48 PM Central Daylight Time
**From:** Daniel Charest
**To:** Jeff Cordes, Bill Aisenberg, Ironclad - LegalTeam

Please see below. Thanks.

Good work, Andrew.

Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

Begin forwarded message:

> **From:** Andrew Bynum <abynum@burnscharest.com>
> **Date:** June 1, 2016 at 18:19:02 CDT
> **To:** Daniel Charest <dcharest@burnscharest.com>
> **Subject: Re: Ironclad -** ███████ **--PRIVILEGED & CONFIDENTIAL**
>
> Hi Dan,
>
> I gathered all evidence cited in Will's outline.  It's linked below in case you'd like to share w/ the group.  Thanks!
>
> https://burnscharestandrewbynum.sharefile.com/d-s6682193f65a4b91a
>
> **Andrew C. Bynum**
> **Burns Charest LLP**
> 500 North Akard Street
> Suite 2810
> Dallas, Texas 75201
> 469.904.4549 direct
> 214.983.6358 mobile
> 469.444.5002 fax
>
>
> **From:** Daniel Charest <dcharest@burnscharest.com>
> **Date:** Wednesday, June 1, 2016 at 5:49 PM
> **To:** Jeff Cordes <jeff.cordes@ironclad.com>, Bill Aisenberg <bill.aisenberg@ironclad.com>, Ironclad   LegalTeam <IroncladLegalTeam@burnscharest.com>

Ironclad_0011037
APPENDIX - 2

**Subject:** Ironclad ███████████   PRIVILEGED & CONFIDENTIAL

Team,

Please see the attached outline for ██████████████████████. As I understand it, Michael's folks are working on ██████████ from a global perspective and will handle the assembly of █. This outline attempts both to set the parameters of █████████████████████████████████████████████████████████████████████████ and to set up the argument in the best light (from our perspective).

I understand Michael's firm will be handling the heavy lifting on this project, so we will stand down on ████████ unless anyone asks us to pitch or answer any questions. But we are ready and willing in the event y'all need us.

Please let us know if you have any questions or concerns. Thanks.

**Daniel H. Charest**
**Burns Charest LLP**
500 North Akard Street
Suite 2810
Dallas, Texas 75201
469.904.4555 direct
214.681.8444 mobile
469.444.5002 fax

| Date | ItemName | Activity | User | Email | Company | IPAddress | Location |
|------|----------|----------|------|-------|---------|-----------|----------|
| 6/3/16 1:36 PM | /Ironclad (15-00038)/MSI Outline - Cited Materials.zip | Upload | Andrew Bynum | abynum@burnscharest.com | Burns Charest | 38.88.231.226 | US, Dallas, Texas |
| 6/3/16 1:10 PM | /Ironclad (15-00038)/MSI Outline - Cited Materials.zip | Delete File | Andrew Bynum | abynum@burnscharest.com | Burns Charest | 38.88.231.226 | US, Dallas, Texas |
| 6/3/16 11:24 AM | /Ironclad (15-00038)/MSI Outline - Cited Materials.zip | Download | Anonymous | noreply@sf-notifications.com | | 12.96.126.131 | US, Woodland Hills, California |
| 6/1/16 10:02 PM | /Ironclad (15-00038)/MSI Outline - Cited Materials.zip | Download | Anonymous | noreply@sf-notifications.com | | 173.57.47.174 | US, Richardson, Texas |
| 6/1/16 7:17 PM | /Ironclad (15-00038)/MSI Outline - Cited Materials.zip | Upload | Andrew Bynum | abynum@burnscharest.com | Burns Charest | 38.88.231.226 | US, Dallas, Texas |

**APPENDIX - 4**

Wednesday, June 8, 2016 at 11:49:22 PM Central Daylight Time

**Subject:** Ironclad v. ORR

**Date:** Friday, June 3, 2016 at 11:04:17 AM Central Daylight Time

**From:** Michael Sherman

**To:** Jeff Cordes, Bill.Aisenberg@ironclad.com

**CC:** Daniel Charest, Andrew Bynum, Will Thompson, Larry Vincent, David Harris, Barak Kamelgard, Scott Alderton

**Priority:** High

It has just been brought to my attention that one or more e-mails sent by either Daniel and/or Andrew of Burns Charest earlier this week may contain links to documents that were marked "Attorneys Eyes Only," and produced by ORR.

For now, without further ado, please immediately delete such e-mail or e-mails, delete any materials that may have been downloaded off of those e-mails including the link, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy.

The potentially offending e-mail (and link) I am aware of is an e-mail from Daniel to "Jeff Cordes, Bill Aisenberg, Ironclad-Legal Team" dated 6/1/2016, that bears the time stamp on my computer of 4:35pm, which is an e-mail that Daniel forwarded, which Andrew had sent to him.  By copy to Andrew and Daniel, I ask them to confirm if they have any knowledge of any other dissemination of these materials beyond the scope of permitted/protected persons, and if there are any other transmissions.

Thanks
Michael

| V-card | Bio | Website |
|---|---|---|



**STUBBS ALDERTON & MARKILES, LLP**

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**Ironclad_0011039**

**APPENDIX - 5**

**Subject:** RE: Ironclad v. ORR
**Date:** Friday, June 3, 2016 at 11:27:03 AM Central Daylight Time
**From:** Bill Aisenberg
**To:** Michael Sherman, Jeff Cordes
**CC:** Daniel Charest, Andrew Bynum, Will Thompson, Larry Vincent, David Harris, Barak Kamelgard, Scott Alderton
**Attachments:** image001.png, image002.png, image003.png, image004.png, image007.png

Michael,

I can confirm that I have not followed the link to the information in the email in question, nor have forwarded or printed any of the materials.

Bill



William M. Aisenberg
**Executive Vice President & Chief Financial Officer**
Ironclad Performance Wear Corp.
p: 972-996-5664 ext.130   m: 214-762-6465   f: 469-341-7213
a: 1920 Hutton Court #300, Farmers Branch, TX 75234, USA
w: www.ironclad.com | www.konggloves.com | www.ironcladexo.com

---

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Friday, June 03, 2016 11:04 AM
**To:** Jeff Cordes; Bill Aisenberg
**Cc:** Daniel Charest (dcharest@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); Will Thompson (wthompson@burnscharest.com); Larry Vincent; David Harris; Barak Kamelgard; Scott Alderton
**Subject:** Ironclad v. ORR
**Importance:** High

It has just been brought to my attention that one or more e-mails sent by either Daniel and/or Andrew of Burns Charest earlier this week may contain links to documents that were marked "Attorneys Eyes Only," and produced by ORR.

For now, without further ado, please immediately delete such e-mail or e-mails, delete any materials that may have been downloaded off of those e-mails including the link, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner

forwarded the materials to anyone, or printed them to hard copy.

The potentially offending e-mail (and link) I am aware of is an e-mail from Daniel to "Jeff Cordes, Bill Aisenberg, Ironclad-Legal Team" dated 6/1/2016, that bears the time stamp on my computer of 4:35pm, which is an e-mail that Daniel forwarded, which Andrew had sent to him.  By copy to Andrew and Daniel, I ask them to confirm if they have any knowledge of any other dissemination of these materials beyond the scope of permitted/protected persons, and if there are any other transmissions.


Thanks
Michael

| V-card | Bio | Website |
|---|---|---|



**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**Ironclad_0011041**
**APPENDIX - 7**

**Subject:** Ironclad - ███████ (AEO Portions)
**Date:** Friday, June 3, 2016 at 12:23:57 PM Central Daylight Time
**From:** Andrew Bynum
**To:** Michael Sherman
**CC:** Barak Kamelgard, David Harris, Daniel Charest, Will Thompson, Larry Vincent
**BCC:** Burns Charest Public Mail

Michael,

The vast majority of the materials in the ███████ link sent to the client are publicly available documents. Here's the itemization of what was AEO:

- ORR 318 (*file name contained "AEO" in title*)
- ORR 850 (*file name contained "AEO" in title*)
- ORR 851 (*file name contained "AEO" in title*)
- The rough draft of the 5/10 deposition of Mark Wiktorski (*The PO says we're to treat the entire deposition transcript as as AEO for a period of 14 days after receipt of the transcript. You received the rough Wiktorski transcript on 5/12 and circulated to the legal team on 5/13. Because transmission to the client occurred on 6/1, we are outside of the 14 day window, however, portions of the transcript do reference AEO testimony. The court reporter did not include an AEO warning in the file name, and I did not alter the file name before including this document in the linked set of materials.*)
- Finally, the link included two summary documents I created based off of the above listed ORR spreadsheets. These summary documents are attached – you've seen them before. They don't contain any data other than the data in the AEO spreadsheets also contained in the link and itemized above – they just summarize the same.

Just as an FYI, I have reviewed the PO and it does not contain any clauses detailing the procedure or notice requirements to be followed in the event of an accidental disclosure.

If you need anything else from me here, just let me know.

**Andrew C. Bynum**
**Burns Charest LLP**
500 North Akard Street
Suite 2810
Dallas, Texas 75201
469.904.4549 direct
214.983.6358 mobile
469.444.5002 fax

Ironclad_0011044

APPENDIX - 8



**From:** Bill Aisenberg <Bill.Aisenberg@ironclad.com>
**Date:** June 5, 2016 at 2:34:02 PM PDT
**To:** Michael Sherman <masherman@stubbsalderton.com>
**Cc:** Jeff Cordes <Jeff.Cordes@ironclad.com>, Scott Alderton <salderton@stubbsalderton.com>, David Harris <dharris@stubbsalderton.com>, Barak Kamelgard <bkamelgard@stubbsalderton.com>
**Subject: RE: Ironclad v. ORR**


Michael,

Yes, I have deleted everything related.

Bill




William M. Aisenberg
**Executive Vice President & Chief Financial Officer**
Ironclad Performance Wear Corp.
p  972-996-5664 ext.130    m  214-762-6465    f  469-341-7213
a  1920 Hutton Court #300, Farmers Branch, TX 75234, USA
w  www.ironclad.com | www.konggloves.com | www.ironcladexo.com


**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Sunday, June 05, 2016 4:15 PM

**Ironclad_0011047**
**APPENDIX - 9**

**To:** Bill Aisenberg
**Cc:** Jeff Cordes; Scott Alderton; David Harris; Barak Kamelgard
**Subject:** RE: Ironclad v. ORR

Bill

I presume you have also deleted everything related, as I inquire about/reference in the highlighted paragraph below.  Please confirm

MAS

**From:** Bill Aisenberg [mailto:Bill.Aisenberg@ironclad.com]
**Sent:** Friday, June 3, 2016 9:27 AM
**To:** Michael Sherman <masherman@stubbsalderton.com>; Jeff Cordes <Jeff.Cordes@ironclad.com>
**Cc:** Daniel Charest (dcharest@burnscharest.com) <dcharest@burnscharest.com>; Andrew Bynum (abynum@burnscharest.com) <abynum@burnscharest.com>; Will Thompson (wthompson@burnscharest.com) <wthompson@burnscharest.com>; Larry Vincent <lvincent@burnscharest.com>; David Harris <dharris@stubbsalderton.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>; Scott Alderton <salderton@stubbsalderton.com>
**Subject:** RE: Ironclad v. ORR

Michael,

I can confirm that I have not followed the link to the information in the email in question, nor have forwarded or printed any of the materials.

Bill



William M. Aisenberg
**Executive Vice President & Chief Financial Officer**
Ironclad Performance Wear Corp.
p: 972-996-5664 ext.130   m: 214-762-6465   f: 469-341-7213
a: 1920 Hutton Court #300, Farmers Branch, TX 75234, USA
w: www.ironclad.com   www.konggloves.com   www.ironcladexo.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Friday, June 03, 2016 11:04 AM

**To:** Jeff Cordes; Bill Aisenberg
**Cc:** Daniel Charest (dcharest@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); Will Thompson (wthompson@burnscharest.com); Larry Vincent; David Harris; Barak Kamelgard; Scott Alderton
**Subject:** Ironclad v. ORR
**Importance:** High

It has just been brought to my attention that one or more e-mails sent by either Daniel and/or Andrew of Burns Charest earlier this week may contain links to documents that were marked "Attorneys Eyes Only," and produced by ORR.

For now, without further ado, please immediately delete such e-mail or e-mails, delete any materials that may have been downloaded off of those e-mails including the link, delete any notes (if any) that may have been made relating to such materials. Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy.

The potentially offending e-mail (and link) I am aware of is an e-mail from Daniel to "Jeff Cordes, Bill Aisenberg, Ironclad-Legal Team" dated 6/1/2016, that bears the time stamp on my computer of 4:35pm, which is an e-mail that Daniel forwarded, which Andrew had sent to him. By copy to Andrew and Daniel, I ask them to confirm if they have any knowledge of any other dissemination of these materials beyond the scope of permitted/protected persons, and if there are any other transmissions.

Thanks
Michael



| V-card | Bio | Website |

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

Bus: 818.444.4528
Fax: 818.444.6328

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Ironclad_0011049

APPENDIX - 11



Begin forwarded message:

**From:** Jeff Cordes <Jeff.Cordes@ironclad.com>
**Date:** June 6, 2016 at 3:51:03 AM PDT
**To:** Michael Sherman <masherman@stubbsalderton.com>
**Subject: RE: Ironclad v. ORR**

Sorry MS..... I was the one that saw it and brought it to Bill's attention.  As per your instructions... deleted and no related email traffic or data saved or sent.



**Jeff Cordes**
**President and CEO**
Ironclad Performance Wear Corp.
p: 972-996-5664 ext.120  m: 817-832-0453  f: 469-341-7213
a: 1920 Hutton Court #300, Farmers Branch, TX 75234, USA
www.ironclad.com | www.konggloves.com | www.ironcladexo.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Sunday, June 5, 2016 4:14 PM
**To:** Jeff Cordes
**Cc:** Bill Aisenberg; Scott Alderton; David Harris; Barak Kamelgard
**Subject:** FW: Ironclad v. ORR
**Importance:** High

Jeff

See below which I've highlighted.  I have heard from Bill in response.  Can I get some confirmation from you, as well, per my highlighting and the balance of that paragraph (i.e., that everything has been deleted)?
Thanks
MAS

Page 1 of 2

**From:** Michael Sherman
**Sent:** Friday, June 3, 2016 9:04 AM
**To:** Jeff Cordes <Jeff.Cordes@ironclad.com>; Bill.Aisenberg@ironclad.com
**Cc:** Daniel Charest (dcharest@burnscharest.com) <dcharest@burnscharest.com>; Andrew
Bynum (abynum@burnscharest.com) <abynum@burnscharest.com>; Will Thompson
(wthompson@burnscharest.com) <wthompson@burnscharest.com>; 'Larry Vincent'
<lvincent@burnscharest.com>; David Harris <dharris@stubbsalderton.com>; Barak Kamelgard
<bkamelgard@stubbsalderton.com>; Scott Alderton <salderton@stubbsalderton.com>
**Subject:** Ironclad v. ORR
**Importance:** High

It has just been brought to my attention that one or more e-mails sent by either Daniel and/or
Andrew of Burns Charest earlier this week may contain links to documents that were marked
"Attorneys Eyes Only," and produced by ORR.

For now, without further ado, please immediately delete such e-mail or e-mails, delete any
materials that may have been downloaded off of those e-mails including the link, delete any
notes (if any) that may have been made relating to such materials. Additionally, please confirm
that you have not in any manner forwarded the materials to anyone, or printed them to hard
copy.

The potentially offending e-mail (and link) I am aware of is an e-mail from Daniel to "Jeff Cordes,
Bill Aisenberg, Ironclad-Legal Team" dated 6/1/2016, that bears the time stamp on my computer
of 4:35pm, which is an e-mail that Daniel forwarded, which Andrew had sent to him. By copy to
Andrew and Daniel, I ask them to confirm if they have any knowledge of any other
dissemination of these materials beyond the scope of permitted/protected persons, and if there
are any other transmissions.

Thanks
Michael



personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work
product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent respons ble
for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly proh bited. If you have received this communication in error, please
notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained
in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for
the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or
recommending to another party any tax-related matters addressed herein.

Ironclad_0011051
APPENDIX - 13

Ironclad_0011052

APPENDIX - 14

**Subject:** Attorneys Eyes Only Recap - Critical - Please Read
**Date:** Tuesday, June 7, 2016 at 7:41:29 PM Central Daylight Time
**From:** Michael Sherman
**To:** Jeff.Cordes@ironclad.com, Bill.Aisenberg@ironclad.com
**CC:** Scott Alderton, Daniel Charest, Will Thompson, Andrew Bynum, David Harris, Barak Kamelgard
**Priority:** High

Jeff, Bill

At this point I believe that the two of you and I have covered every conceivable angle on undoing any claim of violation of the Protective Order on AEO issues, as respects the "link" to evidence that Andrew Bynum had forwarded to Dan Charest, and Dan had forwarded to the two of you, of last Wednesday in the subject e-mail.

In my preparing a notification to ORR's counsel just a moment ago, I just realized that the ███████ that Daniel had sent to the two of you on June 1 **with the outline as an attachment** also compromises our position under the Protective Order.   I reprint below just the From, Sent, To and Subject headings of that e-mail, so you can focus with me on it.

**From: Daniel Charest [mailto:dcharest@burnscharest.com]**
**Sent: Wednesday, June 1, 2016 3:50 PM**
**To: Jeff Cordes <jeff.cordes@ironclad.com>; Bill Aisenberg <bill.aisenberg@ironclad.com>; Ironclad -**
**LegalTeam <IroncladLegalTeam@burnscharest.com>**
**Subject: Ironclad - ███████--PRIVILEGED & CONFIDENTIAL**

You should **NOT** have been sent this attachment.  That was a mistake.

Please immediately delete this e-mail, delete any materials that may have been downloaded off of those e-mails including the attachment, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy, and overall please satisfy me so I can satisfy ORR's counsel that we have done everything possible to eliminate the offending materials from all Ironclad computers/servers, and that it has not been disseminated in any fashion, and that there has been no related e-0mail traffic or data saved or sent.  With great apologies    I really would like these confirmations sent asap, so I can respond in full to ORR's counsel on this subject and so I am not doing this in piecemeal fashion.

I respect that you are frustrated.  So am I.  I'm sure that Daniel and I will be speaking about ensuring that Ironclad is not out of pocket for the time we are spending to remedy this.

Regards
Michael

| V-card | Bio | Website |
|--------|-----|---------|

# SA&M | STUBBS ALDERTON & MARKILES, LLP

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsble for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohbited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.



Begin forwarded message:

**From:** Jeff Cordes <Jeff.Cordes@ironclad.com>
**Date:** June 7, 2016 at 11:42:37 PM PDT
**To:** Michael Sherman <masherman@stubbsalderton.com>
**Subject: RE: Attorneys Eyes Only Recap - Critical - Please Read**

Michael,

I just arrived from Canada   to confirm the email has been deleted. To be clear I did not at any time read or review the  email.

Thanks



**Jeff Cordes**
**President and CEO**
Ironclad Performance Wear Corp.
p: 972-996-5664 ext.120  m: 817-832-0453  f: 469-341-7213
a: 1920 Hutton Court #300, Farmers Branch, TX 75234, USA
w: www.ironclad.com | www.konggloves.com | www.ironcladexo.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Tuesday, June 7, 2016 7:41 PM
**To:** Jeff Cordes; Bill Aisenberg
**Cc:** Scott Alderton; Daniel Charest; Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); David Harris; Barak Kamelgard
**Subject:** Attorneys Eyes Only Recap - Critical - Please Read
**Importance:** High

**Page 1 of 2**

Ironclad_0011055

Jeff, Bill

At this point I believe that the two of you and I have covered every conceivable angle on undoing any claim of violation of the Protective Order on AEO issues, as respects the "link" to evidence that Andrew Bynum had forwarded to Dan Charest, and Dan had forwarded to the two of you, of last Wednesday in the subject e-mail.

In my preparing a notification to ORR's counsel just a moment ago, I just realized that the ███ ██████ that Daniel had sent to the two of you on June 1  **with the outline as an attachment** also compromises our position under the Protective Order.   I reprint below just the From, Sent, To and Subject headings of that e-mail, so you can focus with me on it.

**From: Daniel Charest [mailto:dcharest@burnscharest.com]**
**Sent: Wednesday, June 1, 2016 3:50 PM**
**To: Jeff Cordes <jeff.cordes@ironclad.com>; Bill Aisenberg <bill.aisenberg@ironclad.com>;**
**Ironclad - LegalTeam <IroncladLegalTeam@burnscharest.com>**
**Subject: Ironclad - ████████--PRIVILEGED & CONFIDENTIAL**

You should **NOT** have been sent this attachment.  That was a mistake.

Please immediately delete this e-mail, delete any materials that may have been downloaded off of those e-mails including the attachment, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy, and overall please satisfy me so I can satisfy ORR's counsel that we have done everything possible to eliminate the offending materials from all Ironclad computers/servers, and that it has not been disseminated in any fashion, and that there has been no related e-0mail traffic or data saved or sent.  With great apologies    I really would like these confirmations sent asap, so I can respond in full to ORR's counsel on this subject and so I am not doing this in piecemeal fashion.

I respect that you are frustrated.  So am I.  I'm sure that Daniel and I will be speaking about ensuring that Ironclad is _not_ out of pocket for the time we are spending to remedy this.

Regards
Michael



for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication

and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsble for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distrbution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Ironclad_0011057

APPENDIX - 19

Wednesday, June 8, 2016 at 11:59:34 PM Central Daylight Time

**Subject:** RE: Attorneys Eyes Only Recap - Critical - Please Read
**Date:** Wednesday, June 8, 2016 at 12:40:37 AM Central Daylight Time
**From:** Bill Aisenberg
**To:** Michael Sherman, Jeff Cordes
**CC:** Scott Alderton, Daniel Charest, Will Thompson, Andrew Bynum, David Harris, Barak Kamelgard
**Attachments:** image001.png, image002.png, image003.png, image004.png, image007.png

Michael,

I have not in any manner forwarded the materials to anyone, or printed them to hard copy, and we have done everything possible to eliminate the offending materials from all Ironclad computers/servers, and it has not been disseminated in any fashion, and there has been no related email traffic or data saved or sent.

Bill



William M. Aisenberg
**Executive Vice President & Chief Financial Officer**
Ironclad Performance Wear Corp.
p: 972-996-5664 ext.130   m: 214-762-6465   f: 469-341-7213
a: 1920 Hutton Court #300, Farmers Branch, TX 75234, USA
w: www.ironclad.com | www.konggloves.com | www.ironcladexo.com

---

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Tuesday, June 07, 2016 7:41 PM
**To:** Jeff Cordes; Bill Aisenberg
**Cc:** Scott Alderton; Daniel Charest; Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); David Harris; Barak Kamelgard
**Subject:** Attorneys Eyes Only Recap - Critical - Please Read
**Importance:** High

Jeff, Bill

At this point I believe that the two of you and I have covered every conceivable angle on undoing any claim of violation of the Protective Order on AEO issues, as respects the "link" to evidence that Andrew Bynum had forwarded to Dan Charest, and Dan had forwarded to the two of you, of last Wednesday in the subject e-mail.

In my preparing a notification to ORR's counsel just a moment ago, I just realized that the ▮▮▮▮▮▮▮ that Daniel had sent to the two of you on June 1 **with the outline as an attachment** also compromises our

position under the Protective Order.   I reprint below just the From, Sent, To and Subject headings of that e-mail, so you can focus with me on it.

**From: Daniel Charest [mailto:dcharest@burnscharest.com]**
**Sent: Wednesday, June 1, 2016 3:50 PM**
**To: Jeff Cordes <jeff.cordes@ironclad.com>; Bill Aisenberg <bill.aisenberg@ironclad.com>; Ironclad -**
**LegalTeam <IroncladLegalTeam@burnscharest.com>**
**Subject: Ironclad -** ▉▉▉▉▉**--PRIVILEGED & CONFIDENTIAL**

You should **NOT** have been sent this attachment.  That was a mistake.

Please immediately delete this e-mail, delete any materials that may have been downloaded off of those e-mails including the attachment, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy, and overall please satisfy me so I can satisfy ORR's counsel that we have done everything possible to eliminate the offending materials from all Ironclad computers/servers, and that it has not been disseminated in any fashion, and that there has been no related e-0mail traffic or data saved or sent.  With great apologies    I really would like these confirmations sent asap, so I can respond in full to ORR's counsel on this subject and so I am not doing this in piecemeal fashion.

I respect that you are frustrated.  So am I.  I'm sure that Daniel and I will be speaking about ensuring that Ironclad is not out of pocket for the time we are spending to remedy this.

Regards
Michael



| | V-card | Bio | Website |

**STUBBS ALDERTON & MARKILES, LLP**

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent respons ble for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly proh bited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**Subject:** Ironclad v. ORR
**Date:** Wednesday, June 8, 2016 at 9:26:40 AM Central Daylight Time
**From:** Michael Sherman
**To:** Jennifer Stinnett
**CC:** Daniel Charest, Will Thompson, David Harris, Barak Kamelgard, Andrew Bynum, Corey Shapiro, Ben Fultz

Jenny

Last Friday, June 3, it was first brought to my attention that on Wednesday, June 1, certain "Attorneys Eyes Only" materials had accidentally been sent by Daniel Charest via e-mail to two Ironclad representatives, Jeff Cordes and Bill Aisenberg.  My subsequent investigation through yesterday afternoon revealed the following:

1.    The materials consisted of ORR 318, ORR 850, ORR 851, the rough draft of the 5/10 deposition of Mark Wiktorski (which technically was not AEO per the terms of the Stipulation and Order, but for purposes of this exercise we are treating as AEO), and three summary documents that legal counsel had created based off of the foregoing materials.

2.    The client had self-reported the transmission of what they believed might have been AEO upon opening an e-mail link (legal counsel prepared) that contained these materials.

3.    Our client representatives confirmed for us that immediately upon beginning to access the subject materials, they suspected that AEO materials might be contained therein, and reported same to us.

4.    In conjunction with our client, both our client and we eliminated their access to the AEO materials, including both Messrs. Cordes and Aisenberg confirming for us that they did not review any of the materials, beyond the initial recognition that the materials might contain AEO information (which prompted the communication from our clients to us).

5.    In conjunction with our client, we have received Ironclad's confirmation that both Messrs. Cordes and Aisenberg deleted the e-mails from their computers, that they have not disseminated the subject materials in any fashion, that they have not forwarded the materials to anyone, or printed them to hard copy, and in addition to the deletions by Messrs. Cordes and Aisenberg from their computers, that Ironclad is eliminating the offending materials from all Ironclad  computer servers.  We have further received confirmation from our client that Ironclad has not had any related email traffic or data saved or sent, consisting of the AEO materials, or summaries of same.

We believe that we and Ironclad have done, and are doing everything possible, to eliminate client access and confirm the very limited extent of the client exposure.

Regards
Michael

Ironclad_0011060

FULTZ MADDOX DICKENS
PLC
ATTORNEYS

Jennifer Metzger Stinnett ▪ 502-588-2026 ▪ jstinnett@fmdlegal.com

June 8, 2016

*Via Email*

Daniel H. Charest
Will Thompson
Burns Charest LLP
500 North Akard Street, Suite 2810
Dallas, TX 75201
dcharest@burnscharest.com
wthompson@burnscharest.com

Barak Kamelgard
Michael Sherman
Stubbs Alderton & Markiles LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
bkamelgard@stubbsalderton.com
masherman@stubbsalderton.com

RE:   **Ironclad Performance Wear Corporation ("Ironclad") v. Orr Safety Corporation ("Orr"), N.D. Tex. Case No. 3:15-cv-03453-D**

Dear Counsel:

This letter concerns Ironclad's violation of the Court's Agreed Protective Order (DN-25) by disclosing the following documents designated as attorneys' eyes only ("AEO"): ORR 318, ORR 850, ORR 851, the rough draft of the deposition of ORR's 30(b)(6) witness[1], the three summary documents that legal counsel had created based off of the AEO materials, the email containing these documents and/or containing a link to such documents vis a vis sharefile or dropbox (collectively "Disclosed AEO Information"). As Ironclad's counsel is acutely aware, due to the many conversations, calls, letters, and on the record arguments in depositions, this is information that ORR deems its *most sensitive sales, pricing, and customer information* – information that if provided to its competitor could have catastrophic consequences to ORR's business. You now have confirmed that ORR's most competitively sensitive information has been produced by Ironclad's counsel to two of Ironclad's chief officers – both of whom have been sued in the past for fraud and who ORR believes misappropriated its confidential distributor network. Finally, this is also the *exact same information* that Ironclad has recently sought be de-

---

[1] This was designated as AEO because of the numerous documents and areas of inquiry that discussed highly confidential information on the part of ORR. In fact, one of the recipients of the AEO information, Mr. Jeff Cordes, was present at the deposition and was asked to leave on numerous occasions so the AEO information was not disclosed in front of him.

*Litigation.*
*Health care law.*   101 S. Fifth Street, 27th Floor I Louisville, KY 40202-3116 I (502) 588-2000 I f. (502) 588-2020 I www.fmdlegal.com
*Business law.*

FULTZ MADDOX DICKENS
PLC
ATTORNEYS

designated as AEO so that it could *share* this information with its client – to which ORR has vehemently objected.

In order for ORR to properly evaluate the full ramifications of the breach that occurred, and therefore the appropriate remedy for such a violation, detailed information beyond that provided in your June 8, 2016 email is obviously necessary. You requested that ORR put the information it is requesting in writing. Below is a list of the same:

1. All documents evidencing the transmission of the Disclosed AEO Information to Ironclad, including the primary email sent by Mr. Charest to Mr. Cordes and Mr. Aisenberg in which the Disclosed AEO Information was attached via sharefile/dropbox etc., all read receipts, all response emails, all email forwards, all attachments thereto, etc.;

2. All documents evidencing Mr. Cordes and/or Mr. Aisenberg's receipt of the Disclosed AEO Information, including any evidence of the time or date of receipt;

3. All documents evidencing Mr. Cordes and/or Mr. Aisenberg "self-reporting" of the receipt of the Disclosed AEO Information, including any evidence of the time or date of such "self-reporting";

4. All information, including screenshots, logs, or audit files,  regarding access to the Disclosed AEO information on the sharefile/dropbox, including, but not limited to, identification of when the Disclosed AEO information was accessed, retrieved, uploaded, downloaded, or viewed, by whom, and which portions of the Disclosed AEO information were accessed, retrieved, uploaded, downloaded, or viewed;

5. For each electronic device used by Mr. Cordes, Mr. Aisenberg, and any other individual not authorized under the Agreed Protective Order to review the Disclosed AEO information, a report from a third-party analyst that the Disclosed AEO information has been completely removed from each device. Such evidence must include, but is not limited to:
   a. Evidence that the data has been removed from any temporary file directories; and
   b. Evidence that the Disclosed AEO information has been deleted and that the deletion process left no digital traces of the Disclosed AEO information, including, for example, conducting a forensic wipe that overwrites possibly relocated sectors that contained the Disclosed AEO information.

6. Affidavits from Mr. Cordes and Mr. Aisenberg each of which provide the following information:
   a. When he received the email containing the Disclosed AEO Information;
   b. When he opened the email containing Disclosed AEO Information;
   c. When he accessed the Disclosed AEO Information (including the summary documents prepared by his counsel);

FULTZ MADDOX DICKENS
PLC
ATTORNEYS

    d. All times (including when and on what devices) that he accessed the Disclosed AEO Information;

    e. When he informed his attorney that he had access to the Disclosed AEO Information, including how he did so;

    f. Everything his attorney instructed him to do regarding the Disclosed AEO Information, and whether, in fact, he did so;

    g. Everything he did to delete and destroy the Disclosed AEO Information and all copies of the same; and

    h. Every place, location, and/or individual he sent, forwarded, saved, printed or downloaded the Disclosed AEO Information.

7. Affidavits from Mr. Sherman and Mr. Charest each of which provide the following information:

    a. When he sent or received the email containing the Disclosed AEO Information;

    b. The full scope of any Disclosed AEO Information that was disclosed;

    c. When and how he learned that Mr. Cordes had received the Disclosed AEO Information;

    d. What Mr. Cordes stated he had done with the Disclosed AEO Information since receiving the Disclosed AEO Information;

    e. Everything he told Mr. Cordes to do with the Disclosed AEO Information;

    f. When and how he learned that Mr. Aisenberg had received the Disclosed AEO Information;

    g. What Mr. Aisenberg stated he had done with the Disclosed AEO Information since receiving the Disclosed AEO Information;

    h. Everything he told Mr. Aisenberg to do with the Disclosed AEO Information;

    i. All steps he took to identify whether and how the Disclosed AEO Information was used; and

    j. Everything he did to delete and destroy the Disclosed AEO Information and all copies of the same.

Please provide this information on or before close of business (5 PM ET) on Thursday, June 9, 2016. If all such information is not produced, ORR will have no options but to seek relief from the Court.

ORR reserves all rights and remedies, including sanctions, attorneys' fees, costs, and all other curative measures deemed appropriate by the Court due to this contempt under the Agreed Protective Order and Federal Rule of Civil Procedure 37.

Sincerely,

*JM Stinnett*

Jennifer M. Stinnett

Wednesday, June 8, 2016 at 11:49:22 PM Central Daylight Time

**Subject:** Ironclad v. ORR

**Date:** Friday, June 3, 2016 at 11:04:17 AM Central Daylight Time

**From:** Michael Sherman

**To:** Jeff Cordes, Bill.Aisenberg@ironclad.com

**CC:** Daniel Charest, Andrew Bynum, Will Thompson, Larry Vincent, David Harris, Barak Kamelgard, Scott Alderton

**Priority:** High

It has just been brought to my attention that one or more e-mails sent by either Daniel and/or Andrew of Burns Charest earlier this week may contain links to documents that were marked "Attorneys Eyes Only," and produced by ORR.

For now, without further ado, please immediately delete such e-mail or e-mails, delete any materials that may have been downloaded off of those e-mails including the link, delete any notes (if any) that may have been made relating to such materials.  Additionally, please confirm that you have not in any manner forwarded the materials to anyone, or printed them to hard copy.

The potentially offending e-mail (and link) I am aware of is an e-mail from Daniel to "Jeff Cordes, Bill Aisenberg, Ironclad-Legal Team" dated 6/1/2016, that bears the time stamp on my computer of 4:35pm, which is an e-mail that Daniel forwarded, which Andrew had sent to him.  By copy to Andrew and Daniel, I ask them to confirm if they have any knowledge of any other dissemination of these materials beyond the scope of permitted/protected persons, and if there are any other transmissions.

Thanks
Michael

| V-card | Bio | Website |



**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Page 1 of 1

**Ironclad_0011039**

**APPENDIX - 26**

**From:**       Julie Ziegler <jziegler@stubbsalderton.com>
**Sent:**       Friday, June 03, 2016 7:42 PM
**To:**         Jennifer Metzger Stinnett; Corey Shapiro
**Cc:**         Michael Sherman; Daniel Charest; Will Thompson; Barak Kamelgard
**Subject:**    Ironclad Performance Wear Corp. v. ORR Safety Corp. - Case No. 3:15-CV-3453-D
**Attachments:** 2016-06-03 - Letter from MAS to Stinnett & Shapiro.pdf

Counsel,

Please see the attached letter from Michael Sherman of today's date in regards to the above-referenced matter.

Thank you,

Julie Ziegler
Assistant to Michael Sherman



| | |
|---|---|
| | **Website** |
| | **Julie Ziegler** |
| | Legal Assistant |
| | jziegler@stubbsalderton.com |
| **Stubbs Alderton & Markiles, LLP** | |
| 15260 Ventura Blvd., 20th Floor | |
| Sherman Oaks, CA 91403 | Bus: 818.444.4526 |
| | Fax: 818.444.6326 |
| 1453 3rd Street Promenade, Suite 300 | |
| Santa Monica, CA 90401 | |

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**APPENDIX - 27**



**Michael A. Sherman**
Partner
Direct Voice    818.444.4528
Direct Fax      818.444.6328
Mobile        818.631.9109
E-Mail         masherman@stubbsalderton.com

June 3, 2016

**VIA E-MAIL**
*(jstinnett@fmdlegal.com)*
*(cshapiro@fmdlegal.com)*

Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
Fultz Maddox Dickens PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202

       Re:     **Ironclad Performance Wear Corp. v. ORR Safety Corp.**
               **Case No. 3:15-CV-3453-D**

Dear Counsel:

     I write in response to (1) Corey Shapiro's May 18, 2016 letter regarding Ironclad's obligations under the parties' Electronically Stored Information Agreement ("ESI Agreement") and (2) Jennifer Stinnett's May 27, 2016 letter regarding Ironclad's Revised Privilege Log.

**ESI Issues**

     ORR's supposed concerns about Ironclad's "failure to comply" with the ESI Agreement are misplaced given that ORR itself has failed to comply with the Agreement as well. When the parties negotiated and entered into the ESI Agreement, they did so in an effort to streamline and simplify the discovery process in this case. The parties agreed to produce "all non-privileged files that c[a]me up as 'hits'" based upon pre-selected search terms. However, as ORR is well aware, this process proved unworkable. *Both parties* learned that the pre-selected search terms returned too many hits to reasonably review and produce. As a result, neither Ironclad *nor* ORR has produced documents based upon their respective searches and pursuant to the ESI Agreement.

     Accordingly, Ironclad proposes that the parties rescind the ESI Agreement and proceed with discovery as if the ESI Agreement never existed. Ironclad has already completed its search of documents to the best of its ability (ESI included) and in full compliance with the Federal Rules of Civil Procedure. It appears that the same cannot be said about ORR, possibly because of its reliance on the unworkable custodian searches required by the ESI agreement. Thus far, it is unclear what, if any, documents ORR has produced in response to Ironclad's

15260 Ventura Boulevard, 20th Floor ▪ Sherman Oaks, California 91403     1453 3rd Street Promenade, Suite 300 ▪ Santa Monica, California 90401
office 818.444.4500 ▪ fax 818.444.4520              office 310.746.9800 ▪ fax 310.395.5292
**www.stubbsalderton.com**
                                                         **APPENDIX - 28**

Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
June 3, 2016
Page 2

first set of discovery responses, which Ironclad served in *January*.

    If ORR has some other solution to this issue, please feel free to suggest it. However, it is undisputable that the ESI Agreement in its current form simply is not working and has distracted both parties from moving the case forward. We must stop looking at the agreement as an insurmountable issue and simply move forward with typical discovery searches.

    ORR's accusation that Ironclad has failed to preserve electronic data is also misplaced; specifically, electronic data related to Jeff Cordes' browsing history. Our understanding is that Mr. Cordes typically uses Mozilla Firefox in private or incognito browsing mode, and does not sign into a google account when searching the internet. Ironclad has consulted with Michael Terry and Lee Whitfield of Digital Discovery (located in Dallas) about the cost of recovering Mr. Cordes' unsaved browsing history. The vendor reported that the search and resulting analysis would cost up to $2,250, with no guarantee of success. Indeed, the vendor could not provide a probability of recovering any data. Other ESI experts we have conferred with have confirmed these conclusions, and have apprised us that it is extremely unlikely that any browsing history could be recovered, as browsing histories are *not* typically meant to be saved for anything other than a very short period of time, a fact well-known in the world of computing. There is no reason for Ironclad to expend resources on such a futile exercise. But we are willing to meet and confer on this matter further.

**Privilege Issues**

    Ms. Stinnett's May 27, 2016 letter listed several categories of issues with the Revised Privilege Log. We will respond to each in turn.

    First, as to entries 75-77 and 81-83, Ms. Stinnett claims that the redacted portions of the documents are not privileged because there was not any "imminent litigation" on or about April 25, 2014. But that claim misstates the applicable legal standard.

    In federal cases where "state law supplies the rule of decision," such as this diversity action, state law also governs any and all issues related to attorney-client privilege. Fed. R. Evid. 501; *see also In re Avantel, S.A.*, 343 F.3d 311, 324 (5th Cir. 2003). "Accordingly, the Texas law of privilege controls" in this case (*id.*), and that law does not require attorney-client communications to take place in "anticipation of imminent litigation" for the privilege to attach. *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004). All that Texas law requires is (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer and their representatives; and (4) where the privilege has not been waived. *Id.* But even if Texas law did not control, federal law would not and does not require "imminent litigation" for attorney-client privilege to attach. *See Ferko v. National Ass'n for Stock Car*

*Auto Racing, Inc.*, 218 F.R.D. 125, 133-34 (E.D. Tex. 2003) (listing requirements for federal attorney-client privilege).

Nor does the federal work product doctrine require "imminent litigation" for an attorney's work product to be protected. The work product privilege attaches to documents "prepared in *anticipation* of litigation." Fed. R. Civ. P. 26(b)(3). It therefore can and does apply where litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (citation omitted). Documents are "clearly privileged" if they include, for example, "an analysis of the facts of [Plaintiff's] case, both strengths and weaknesses, and a recommendation of whether litigation is appropriate." *In re E.E.O.C.*, 207 F. Appx. 426, 432 (5th Cir. 2006).

In *NLRB v. Sears, Roebuck & Co.*, the Supreme Court considered whether internal memoranda produced by the Office of General Counsel discussing the General Counsel's reasons for filing suit were covered by the work product privilege. 421 U.S. 132 (1975). The Supreme Court held that such documents fell squarely within the work product protection. *Id.* at 160. "Whatever the outer boundaries of the attorney's work-product rule are, the rule clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *Id.* at 154.

Here, just because *this* action was filed on September 28, 2015, does not mean that Ironclad was not seeking legal counsel before that time to determine whether litigation was appropriate. Ironclad's communications with its attorneys for the purposes of securing legal advice—regardless of when they took place—were and still are privileged. And the work product that its attorneys prepared prior to the filing of this action are privileged as well because there was a possibility of litigation. In fact, even if Ironclad and its attorneys had made a determination to avoid litigation in 2014, this, by necessity, would have included "an analysis of the facts of [Plaintiff's] case, both strengths and weaknesses, and a recommendation of whether litigation is appropriate." Any resulting work product would therefore be protected.

Ms. Stinnett also asserts that the unredacted portions of the documents do not indicate that legal advice is contained in the redacted portions. But this is not true. The unredacted portions of the emails clearly address issues upon which Ironclad would have and did seek legal advice. Moreover, we represent that the redacted portion contain work product and attorney-client privileged information. If you would like to challenge that representation, we cannot stop you—but there is no basis for you to do so.

Jennifer Metzger Stinnett, Esq.
Corey Shapiro, Esq.
June 3, 2016
Page 4

Second, although it appears to be unnecessary given the context of the rest of the letter, the entry for Ironclad_0003463 can be revised slightly. Hopefully, this will mitigate some of ORR's concerns. We again stand by the choice to redact the information and stand ready to meet and confer about the best method of revising this one entry.

Third, it is not clear why the name of the specific attorney is necessary for Entry 73. Nonetheless, we can affirmatively represent to ORR that this is work product created by Joshua Stambaugh. If ORR wants that information formalized in a privilege log for some reason, please let us know.

Fourth, as to the entries relating to K&L Ross and other entities, there is not much content in those communications and providing any additional information would disclose the substance of the privileged communications. Given that the company names listed in the privilege log are names that have come up in the context of the preliminary injunction, and that most of the privilege log entries are dated after ORR filed its initial TRO papers, ORR can sufficiently understand what the context of the legal advice was without any additional information. As for the few entries that are from before ORR filed its TRO papers, entries 74 and 78 were about legal issues relating to K&L Ross generally and entry 86 was about the quanta issues in the case, which one can tell from the fact that it was sent after this action commenced. Again, no further information is required.

Fifth, all of the entries on pages 9 and 10 are related to patent filings so the attorney is obviously Ironclad's patent attorney Benjamin Charkow. We are willing to revise these entries if ORR believes it necessary for some reason. We stand ready to meet and confer about the best method of doing so.

Finally, any and all redacted items that are not in the privilege log are simply the portions of the emails forwarding other emails to or from attorneys. Originally, Ironclad included these emails on its privilege log but, during the telephonic meet-and-confer between Barak Kamelgard, Will Thompson, Mr. Shapiro, and Ms. Stinnett, ORR requested that such entries be left out of the privilege log, and Ironclad agreed to ORR's request. We will check whether the documents that were listed on prior privilege logs but not on the Revised Privilege Log should be produced or added back onto the log.

Regards,

Michael A. Sherman

MAS/jez

| | |
|---|---|
| **From:** | Michael Sherman <masherman@stubbsalderton.com> |
| **Sent:** | Sunday, June 05, 2016 9:22 AM |
| **To:** | Jennifer Metzger Stinnett |
| **Cc:** | Ben Fultz; Corey Shapiro; David Harris; Barak Kamelgard; Daniel Charest (dcharest@burnscharest.com); Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com) |
| **Subject:** | Ironclad v. ORR |

Jenny

A few things:

1. Ironclad intends to move to vacate the expedited discovery order and to seek an order de-designating certain documents marked by ORR as AEO (including the spreadsheets we had touched on during the ORR 30(b)(6), as well as certain marketing catalogs that ORR recently produced in its production no. 11). There may be some additional documents we will be seeking to de-designate, however that should not impede concluding our meet and confer if still required. Please advise if you are available to meet by phone to discuss Tuesday morning (PST) this week. I believe that much if not all of the issues surrounding the AEO issue on the spreadsheets has already occurred, however I did want to be thorough to ensure no one later claims we missed a step.

2. Please advise asap on proposed dates for Jeff Sweedler, Ray Aldridge, Clark Orr, Charlie Strickland and George Smith depositions in July/early August. As I had mentioned to Cory when we briefly spoke on Friday, I do believe we are <u>close</u> to locking in Scott McCown on June 15 in Dallas, and Messrs. Clayton and DiGregorio on July 6 in Los Angeles.

3. I intend to try to close the loop on the personnel files early this week. I need certain client input that I am in the process of obtaining.


Finally – going forward – please ensure to copy my colleague David Harris on all communications. David works with me at SAM.

Thanks
Michael



| V-card | Bio | Website |
|---|---|---|

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent

**APPENDIX - 32**

responsible for delivering to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

APPENDIX - 33

**Subject:** FW: Confidential documents
**Date:** Tuesday, June 14, 2016 at 11:53:07 AM Central Daylight Time
**From:** Michael Sherman
**To:** Daniel Charest (dcharest@burnscharest.com)

-----Original Message-----
From: Jeff Cordes [mailto:Jeff.Cordes@ironclad.com]
Sent: Tuesday, June 7, 2016 2:02 PM
To: Michael Sherman <masherman@stubbsalderton.com>
Subject: Confidential documents

Michael

Per our conversation I did receive the email from counsel described in your earlier note.
The document was downloaded. Upon opening the zip file and based on the description of the
file data I closed and subsequently deleted the file and advised Bill of concern that it might be
AEO. To the best of my recollection I do not recall opening any of the files.

Thanks

Sent from my iPhone
Jeffrey Cordes
President and CEO
Ironclad Performance Wear
1920 Hutton Court Suite 300
Farmers Branch, Tx 75234

The best way to predict the future is to create it!

| | |
|---|---|
| **From:** | administrator@fmdlegal.com |
| **Sent:** | Friday, June 03, 2016 2:28 PM |
| **To:** | Jennifer Metzger Stinnett |
| **Subject:** | FMD8700: Voice msg from DAY MAIN MENU  18184444500 Unread: 17. |
| **Attachments:** | f16d4e72-a164-4803-9d91-29b5ed824934.WAV |

Please call XXX-XXX-XXXX to listen to your messages over the telephone. To retrieve your messages through the web, browse to http://www.webservername.com/wpm.

## Voice Mail to Jennifer Stinnett from Michael Sherman

Jenny, Michael Sherman.  Um, uh, I want to give you some information on depo
dates.  I also want to speak with you about the ESI and the privilege log issues; uh,
we do have a letter going to you on privilege log and ESI issues.  You and Corey
will have it today.  Give me a call back though, best time for me to speak, Jenny,
will be at umm, I want to say 2:15 p.m. Pacific time.  Okay?  In my office, 818-
444-4528.  I will call Corey.  Thanks.

| From: | Jennifer Metzger Stinnett |
|---|---|
| Sent: | Thursday, June 09, 2016 1:46 PM |
| To: | 'Michael Sherman'; Corey Shapiro; Ben Fultz; Twila Carson |
| Cc: | Daniel Charest; David Harris; Barak Kamelgard; Andrew Bynum; Julie Ziegler |
| Subject: | RE: AEO issues |

Michael:

While I understand everyone's travel issues, this is an issue my client wanted to take to the Court yesterday. Instead, we are trying to work with your team to understand the scope of the breach before we file the motion in order to know what remedy is appropriate.

But it seems you all are even unwilling to do that. And unfortunately, even though *we deleted* your disclosure of Charest's comments as requested, we cannot unread them or forget what they indicated – Ironclad and its counsel are absolutely not going to provide the information Orr needs to make an informed decision about the breadth of the violation of the Agreed Protective Order. Ironclad's unwillingness to reassure ORR of its substantial compliance with the Agreed Protective Order through affidavits, third party forensic vendors (and instead using as an alternative an internal Ironclad IT employee), and full disclosure of the improper communications is also especially tough to swallow coming on the heels of Ironclad's admitted failure to comply with the terms of the ESI agreement.

We must receive confirmation by 5 PM ET today that Ironclad will be fully cooperating with Orr's very reasonable requests, or we are going to be forced to assume the worst and move for relief immediately. Cooperation will include sworn testimony from your client, from you, and from your co-counsel. Once we know the scope, an appropriate remedy can be fashioned as set out in the Agreed Protective Order and Rule 37. Obviously sanctions (including attorneys' fees and costs) are warranted even if the scope of the AEO breach is narrow.

As to your specific questions:

1.   We would agree that the materials produced to Orr regarding Ironclad's AEO breach would not be a waiver of privilege.
2.   We want read receipts and sworn testimony regarding exactly when the emails were actually opened and the documents viewed. We want dates and time and time zones.
3.   Evidence of the call on Friday from your client would be both your time entries and I suppose any transcript of the call your firm maintains and sworn testimony from you regarding the date, time, and a description of the call.
4.   We want an agreement that Ironclad will get a third party forensic analysis that will begin working on this immediately.

I hope to hear from you all soon so we all have a full understanding of the issue at hand.

Jenny

**FULTZ MADDOX DICKENS** PLC
ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000

APPENDIX - 37

*Direct:* 502.588.2025
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Wednesday, June 08, 2016 8:29 PM
**To:** Jennifer Metzger Stinnett; Corey Shapiro; Ben Fultz
**Cc:** Daniel Charest; David Harris; Barak Kamelgard; Andrew Bynum; Julie Ziegler
**Subject:** RE: AEO issues

Jenny, Ben and Corey

When I sent the e-mail, below, to you a short while ago, I inadvertently included work product below the "regards Michael" line in the e-mail.  Please confirm that you have deleted the confidential work product, i.e., everything below "regards, Michael".
Thanks
Michael



|  | V-card | Bio | Website |
|---|---|---|---|

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Michael Sherman
**Sent:** Wednesday, June 8, 2016 4:45 PM
**To:** jstinnett@fmdlegal.com
**Cc:** Daniel Charest <dcharest@burnscharest.com>; David Harris <dharris@stubbsalderton.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>; 'Andrew Bynum' <abynum@burnscharest.com>; 'Corey Shapiro' <cshapiro@fmdlegal.com>; Ben Fultz <bfultz@fmdlegal.com>; Julie Ziegler <jziegler@stubbsalderton.com>
**Subject:** AEO issues

Jenny

APPENDIX - 38

I read your letter just a short while ago, which we had received earlier this afternoon.

Both Mr. Aisenberg and Mr. Cordes are traveling out of the office at present (as well as tomorrow), and both Dan Charest and I are also out of the office tomorrow, traveling.  My office, Mr. Charest's office and our client representatives take their discovery obligations very seriously.  We will do all we can to meet your unilateral 5pm EST deadline set for tomorrow, however there are likely going to be some issues not resolved per your letter by 5pm EST tomorrow.  I take this opportunity to provide you a preliminary reaction to some (not all) of the points you raise, point-by-point, corresponding to your numbering:

1.  Do you agree that we may submit certain materials to the Court for in camera review (in instances where privileged material is implicated), and do you further agree that our submission would not constitute a waiver of any privilege?  This is an issue we are wrestling with, at present.
2.  What do you have in mind/what are you looking for  in terms of a document that evidences "receipt" other than redacted e-mail transmissions, which is what I have already told you occurred?
3.  I received a phone call from Mr. Aisenberg in the late morning on Friday, June 3 (which I thought I had told you earlier today).  The call wasn't received on my I-Phone, it was on my firm's land-line.  What might you have in mind insofar as a document that "evidenc[es] such a call?
5.  Obviously getting a "third party analyst" in by 4pm CST tomorrow when my clients are traveling is not going to happen.  Assuming we recommend same to our client and they agree to such a "third party analyst," what other/additional requirements or scope of work do you envision?
6.  Presumably the information that we would supply per 6(f) – which we have already generally referenced – would be privileged.  We presume you agree that our providing this information to you would not constitute a waiver of the attorney-client privilege.  Please confirm.
7.  We have already largely provided this information to you, and are willing to supplement it.

Again, I anticipate your receiving additional responsive information tomorrow.


Regards
Michael

| | |
|---|---|
| **From:** | Corey Shapiro |
| **Sent:** | Thursday, June 09, 2016 4:15 PM |
| **To:** | 'Daniel Charest'; Jennifer Metzger Stinnett; Michael Sherman; Ben Fultz; Twila Carson |
| **Cc:** | David Harris; Barak Kamelgard; Andrew Bynum; Julie Ziegler |
| **Subject:** | RE: AEO issues |

Dan,

Your email, while lengthy, did not answer directly the question we asked in our email from earlier today. We are asking, that by 5 PM today, Ironclad confirm that it will provide all of the information requested in our June 8, 2016 letter, including affidavits from you, Mr. Sherman, Mr. Cordes, and Mr. Aisenberg, as well as the third party forensic analysis. Assuming you provide that confirmation, please also let us know when you expect to provide that information.

One final point, the information we request is necessary to understand the scope of the violation of the Protective Order and then determine the appropriate remedy, including, at a minimum, our fees and costs.

Sincerely,
Corey

---

**From:** Daniel Charest [mailto:dcharest@burnscharest.com]
**Sent:** Thursday, June 09, 2016 3:22 PM
**To:** Jennifer Metzger Stinnett <jstinnett@fmdlegal.com>; Michael Sherman <masherman@stubbsalderton.com>; Corey Shapiro <cshapiro@fmdlegal.com>; Ben Fultz <bfultz@fmdlegal.com>; Twila Carson <tcarson@fmdlegal.com>
**Cc:** David Harris <dharris@stubbsalderton.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>; Andrew Bynum <abynum@burnscharest.com>; Julie Ziegler <jziegler@stubbsalderton.com>
**Subject:** Re: AEO issues

Jenny,

The internal discussion from me to Michael was—exactly as indicated—**my** sense of an appropriate response. I wrote the list after my first read of your letter from a hotel room before I had to run out to an event. I continue to think it largely sets out a reasonable response. But, subsequent to that email, Michael and I had a chance to talk and, at his suggestion, have been planning to respond even more broadly. Regardless, the internal email doesn't get anywhere near to indicating, as you put it, that "Ironclad and its counsel are absolutely not going to provide the information Orr needs to make an informed decision." That simply is not accurate—even if you were only going on the internal email.

We will respond to ORR's reasonable requests. We are and have been trying to gather information and answers that pertain to your 27-part request. We have been compiling documents, reviewing electronic records, arranging calls, and drafting responsive declarations and written responses. But I won't be able to speak with Cordes and Aisenberg until 4pm eastern, so a complete response by 5pm eastern is impossible. Nor is it mandated. All that said, we will give you what we can by 5pm eastern and provide the rest as soon as possible.

1

**APPENDIX - 40**

I take this issue seriously. And we are trying to assuage ORR of its concerns. But repeated overreactions, threats of sanctions, and unnecessary motion practice detract from your goal. (For example, I am responding to this email rather than working on getting the answers you want.) We are working on the responses.

Please let us do the work. Thank you.

**Daniel H. Charest**
469.904.4555 direct
214.681.8444 mobile

---

**From:** Jennifer Metzger Stinnett <jstinnett@fmdlegal.com>
**Date:** Thursday, June 9, 2016 at 12:45 PM
**To:** Michael Sherman <masherman@stubbsalderton.com>, Corey Shapiro <cshapiro@fmdlegal.com>, Benjamin Fultz <bfultz@fmdlegal.com>, Twila Carson <tcarson@fmdlegal.com>
**Cc:** Daniel Charest <dcharest@burnscharest.com>, David Harris <dharris@stubbsalderton.com>, Barak Kamelgard <bkamelgard@stubbsalderton.com>, Andrew Bynum <abynum@burnscharest.com>, Julie Ziegler <jziegler@stubbsalderton.com>
**Subject:** RE: AEO issues

Michael:

While I understand everyone's travel issues, this is an issue my client wanted to take to the Court yesterday. Instead, we are trying to work with your team to understand the scope of the breach before we file the motion in order to know what remedy is appropriate.

But it seems you all are even unwilling to do that. And unfortunately, even though *we deleted* your disclosure of Charest's comments as requested, we cannot unread them or forget what they indicated – Ironclad and its counsel are absolutely not going to provide the information Orr needs to make an informed decision about the breadth of the violation of the Agreed Protective Order. Ironclad's unwillingness to reassure ORR of its substantial compliance with the Agreed Protective Order through affidavits, third party forensic vendors (and instead using as an alternative an internal Ironclad IT employee), and full disclosure of the improper communications is also especially tough to swallow coming on the heels of Ironclad's admitted failure to comply with the terms of the ESI agreement.

We must receive confirmation by 5 PM ET today that Ironclad will be fully cooperating with Orr's very reasonable requests, or we are going to be forced to assume the worst and move for relief immediately. Cooperation will include sworn testimony from your client, from you, and from your co-counsel. Once we know the scope, an appropriate remedy can be fashioned as set out in the Agreed Protective Order and Rule 37. Obviously sanctions (including attorneys' fees and costs) are warranted even if the scope of the AEO breach is narrow.

As to your specific questions:

1. We would agree that the materials produced to Orr regarding Ironclad's AEO breach would not be a waiver of privilege.
2. We want read receipts and sworn testimony regarding exactly when the emails were actually opened and the documents viewed. We want dates and time and time zones.
3. Evidence of the call on Friday from your client would be both your time entries and I suppose any transcript of the call your firm maintains and sworn testimony from you regarding the date, time, and a description of the call.
4. We want an agreement that Ironclad will get a third party forensic analysis that will begin working on this immediately.

I hope to hear from you all soon so we all have a full understanding of the issue at hand.

Jenny

## FULTZ MADDOX DICKENS
### PLC
### ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Wednesday, June 08, 2016 8:29 PM
**To:** Jennifer Metzger Stinnett; Corey Shapiro; Ben Fultz
**Cc:** Daniel Charest; David Harris; Barak Kamelgard; Andrew Bynum; Julie Ziegler
**Subject:** RE: AEO issues

Jenny, Ben and Corey

When I sent the e-mail, below, to you a short while ago, I inadvertently included work product below the "regards Michael" line in the e-mail.  Please confirm that you have deleted the confidential work product, i.e., everything below "regards, Michael".
Thanks
Michael



| V-card | Bio | Website |

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**APPENDIX - 42**

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Michael Sherman
**Sent:** Wednesday, June 8, 2016 4:45 PM
**To:** jstinnett@fmdlegal.com
**Cc:** Daniel Charest <dcharest@burnscharest.com>; David Harris <dharris@stubbsalderton.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>; 'Andrew Bynum' <abynum@burnscharest.com>; 'Corey Shapiro' <cshapiro@fmdlegal.com>; Ben Fultz <bfultz@fmdlegal.com>; Julie Ziegler <jziegler@stubbsalderton.com>
**Subject:** AEO issues

Jenny

I read your letter just a short while ago, which we had received earlier this afternoon.

Both Mr. Aisenberg and Mr. Cordes are traveling out of the office at present (as well as tomorrow), and both Dan Charest and I are also out of the office tomorrow, traveling.  My office, Mr. Charest's office and our client representatives take their discovery obligations very seriously.  We will do all we can to meet your unilateral 5pm EST deadline set for tomorrow, however there are likely going to be some issues not resolved per your letter by 5pm EST tomorrow.  I take this opportunity to provide you a preliminary reaction to some (not all) of the points you raise, point-by-point, corresponding to your numbering:

1.  Do you agree that we may submit certain materials to the Court for in camera review (in instances where privileged material is implicated), and do you further agree that our submission would not constitute a waiver of any privilege?  This is an issue we are wrestling with, at present.
2.  What do you have in mind/what are you looking for  in terms of a document that evidences "receipt" other than redacted e-mail transmissions, which is what I have already told you occurred?
3.  I received a phone call from Mr. Aisenberg in the late morning on Friday, June 3 (which I thought I had told you earlier today).  The call wasn't received on my I-Phone, it was on my firm's land-line.  What might you have in mind insofar as a document that "evidenc[es] such a call?
5.  Obviously getting a "third party analyst" in by 4pm CST tomorrow when my clients are traveling is not going to happen.  Assuming we recommend same to our client and they agree to such a "third party analyst," what other/additional requirements or scope of work do you envision?
6.  Presumably the information that we would supply per 6(f) – which we have already generally referenced – would be privileged.  We presume you agree that our providing this information to you would not constitute a waiver of the attorney-client privilege.  Please confirm.
7.  We have already largely provided this information to you, and are willing to supplement it.

Again, I anticipate your receiving additional responsive information tomorrow.

Regards
Michael

| | |
|---|---|
| **From:** | Michael Sherman <masherman@stubbsalderton.com> |
| **Sent:** | Wednesday, June 08, 2016 10:27 AM |
| **To:** | Jennifer Metzger Stinnett |
| **Cc:** | Daniel Charest; Will Thompson (wthompson@burnscharest.com); David Harris; Barak Kamelgard; Andrew Bynum (abynum@burnscharest.com); Corey Shapiro; Ben Fultz |
| **Subject:** | Ironclad v. ORR |

Jenny

Last Friday, June 3, it was first brought to my attention that on Wednesday, June 1, certain "Attorneys Eyes Only" materials had accidentally been sent by Daniel Charest via e-mail to two Ironclad representatives, Jeff Cordes and Bill Aisenberg.  My subsequent investigation through yesterday afternoon revealed the following:

1.   The materials consisted of ORR 318, ORR 850, ORR 851, the rough draft of the 5/10 deposition of Mark Wiktorski (which technically was not AEO per the terms of the Stipulation and Order, but for purposes of this exercise we are treating as AEO), and three summary documents that legal counsel had  created based off of the foregoing materials.

2.   The client had self-reported the transmission of what they believed might have been AEO upon opening an e-mail link (legal counsel prepared) that contained these materials.

3.   Our client representatives confirmed for us that immediately upon beginning to access the subject materials, they suspected that AEO materials might be contained therein, and reported same to us.

4.   In conjunction with our client, both our client and we eliminated their access to the AEO materials, including both Messrs. Cordes and Aisenberg confirming for us that they did not review any of the materials, beyond the initial recognition that the materials might contain AEO information (which prompted the communication from our clients to us).

5.   In conjunction with our client, we have received Ironclad's confirmation that both Messrs. Cordes and Aisenberg deleted the e-mails from their computers, that they have not disseminated the subject materials in any fashion, that they have not forwarded the materials to anyone, or printed them to hard copy, and in addition to the deletions by Messrs. Cordes and Aisenberg from their computers, that Ironclad is eliminating the offending materials from all Ironclad  computer servers.  We have further received confirmation from our client that Ironclad has not had any related email traffic or data saved or sent, consisting of the AEO materials, or summaries of same.

We believe that we and Ironclad have done, and are doing everything possible, to eliminate client access and confirm the very limited extent of the client exposure.

Regards
Michael

1

| From: | Will Thompson <wthompson@burnscharest.com> |
|---|---|
| Sent: | Friday, April 22, 2016 3:23 PM |
| To: | Ben Fultz; Jennifer Metzger Stinnett; Corey Shapiro |
| Cc: | Michael Sherman; Barak Kamelgard; Daniel Charest; Andrew Bynum |
| Subject: | RE: Ironclad Performance Wear Corporation v. Orr Safety Corporation 3:15-cv-03453-D |

ORR designated this document as AEO.  What is the basis for this designation? If the basis for the AEO designation is the information in the "CUSTNAME" category in column F, will ORR serve a redacted version that is not subject to AEO or, alternatively, permit counsel for Ironclad to redact in order to share with our client?

**Will Thompson**
469.904.4554 direct
406.546.5587 mobile

**From:** Amy Hoagland [mailto:ahoagland@fmdlegal.com]
**Sent:** Thursday, April 21, 2016 4:06 PM
**To:** Daniel Charest <dcharest@burnscharest.com>; Warren T. Burns <wburns@burnscharest.com>; Will Thompson <wthompson@burnscharest.com>; Michael Sherman <masherman@stubbsalderton.com>; jstambaugh@stubbsalderton.com
**Cc:** gsudbury@qslwm.com; rhytken@qslwm.com; Ben Fultz <bfultz@fmdlegal.com>; Jennifer Metzger Stinnett <jstinnett@fmdlegal.com>; Corey Shapiro <cshapiro@fmdlegal.com>; Twila Carson <tcarson@fmdlegal.com>
**Subject:** Ironclad Performance Wear Corporation v. Orr Safety Corporation 3:15-cv-03453-D

See attached Responses of Defendant Orr Safety Corporation to Plaintiff's First Set of Expedited Discovery. The password to the attached zip file will be sent under separate cover.

FULTZ MADDOX DICKENS PLC
ATTORNEYS

Amy L. Hoagland
Paralegal
101 South Fifth Street, 27th Floor
Louisville, KY 40202
Main:  502.588.2000 | Direct:  502.992.5026 | Fax:  502.588.2020
ahoagland@fmdlegal.com
www.fmdlegal.com

1

**To:** Vane Clayton2[vclayton@kpaonline.com]
**From:** Jeff Case 3:15-cv-03453-D   Document 85-1   Filed 07/13/16   Page 46 of 50   PageID 2336
**Sent:** Sun 4/27/2014 3:55:13 AM
**Importance:** Normal
**Subject:** Re: New heads up
**Received:** Sun 4/27/2014 3:55:14 AM

We are cobra ding on redwing and my guess ditto on Dickies - still not landed on redwing although talk is good

Monday

Sent from my iPhone
**Jeffrey Cordes**
JVC Ventures
Phone (817)832 0453
Skype (817) 439 6455
Email: jeff.cordes@jvcventures.com
*The best way to predict the future is to create it!*

On Apr 26, 2014, at 8:58 PM, "Vane Clayton" <vclayton@kpaonline.com> wrote:

> Jeff,
>
> Would Dickies and Redwing be selling the Ironclad/Kong brands, co-branding or rebranding?  Very exciting that you have gotten both to the table so quickly.  Talk on Monday.
>
> **Vane Clayton**
> KPA | CEO | vclayton@kpaonline.com | Office: (303) 228-8760 | Mobile: (720) 470-7411 | www.kpaonline.com
>
> <image001.png>
> Introducing DigiGo, a KPA company.
> *DigiGo offers custom websites, SEO, marketing programs and social media management to optimize their clients' total online presence.*
>
> **From:** Jeff Cordes [mailto:jeffc@ironclad.com]
> **Sent:** Friday, April 25, 2014 6:08 PM
> **To:** Vane Clayton
> **Cc:** Jeff Cordes
> **Subject:** New heads up
>
> **Vane – little bit of a roller coaster here today – I am sure we will do the right thing about it over time but want to get you in the loop.**



> **This morning I received a call from Bryan Griggs who has just finished a conference call from the road with a "new distributor" out of Europe that Orr was setting up.**
>  ∀ **Come to find out ORR granted this new player Exclusive Distribution for all German speaking countries in the EU.**
>  ∀ **When asked what the opening order was for this right the distributor said we had to buy 2,000 units.**

∀   When asked about how big the annual minimums were set to for this exclusive deal the response was... we have no minimums!

∀   When asked well what experience do you have as distributors in this industry the answer was:  We are caterers ... we don't have any experience, we just thought we could sell gloves!

████████████████████

30 minutes later my new SVP  International (Starts 8/1) calls and tells me that we has gotten Dickies Senior management to go all Ironclad and Kong!  Now I have the potential to have the two largest players in Oil and Gas out there in Dickies and Redwing.

*But wait*.... We cannot do either deal with Redwing (K&L Ross) or Dickies because we now have a "caterer" with the exclusive license to sell into most of Europe.

My new employee's response was this:  "Jeff, I have put my rear on the line here and I can tell you this... Dickies nor Redwing will work with you if Orr has done this and put their nose where it does not belong.  How could this have happened? How can ORR even be in this picture?"

Bryan, at my  request call Mark (brand manager) at ORR and asked him; "Mark, did you really do this? " Mark replies: "Yes I did. Isn't it great! They don't know gloves but they wanted to try so I did it!"  When asked did that mean that K&L Ross / Redwing could not sell into Europe now the answer was.. that is correct they cannot.

Well if it was not clear before it is now.  ORR is over its heads but they have no clue of it and their egos won't allow them to see it. They can make a poor story for the USA and that is a stretch. They have done nothing in Canada and clearly are at best bumbling idiots overseas.  Every day that goes by we are at greater risk of them dragging us down.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ However I cannot in good conscious allow this contract to continue.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Ironclad_0002963

Vane – not dumping this on you – my issue (maybe opportunity) and I will handle. However, I value your counsel and thoughts.

Nothing will change over the weekend so this can wait till Monday but I will touch base then.

Thanks so much for listening

Jeff

Ponsiaco_0002964

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**