**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

# DOCUMENT PRODUCED UNDER SEAL

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:15-cv-03453-D |
| v. | § § | |
| ORR SAFETY CORPORATION, | § § | |
| Defendants. | § § | |

**PLAINTIFF'S FIRST SET OF EXPEDITED DISCOVERY TO**
**DEFENDANT ORR SAFETY CORPORATION**

Pursuant to the Court's February 26, 2016 order permitting the parties to "serve requests for production under Fed. R. Civ. P. 34 that requires responses in three business" (doc. 45 at 1), Plaintiff Ironclad Performance Wear Corp. ("Ironclad") serves this first set of expedited discovery to Defendant ORR Safety Corp. ("ORR"). <u>Pursuant to the Court's order, Ironclad requests that ORR provide responsive documents within the 3 business days—Thursday, April 21, 2016.</u>

**INSTRUCTIONS**

1.      To the fullest extent permitted by the Federal Rules of Civil Procedure and the Court's order granting expedited discovery, these discovery requests are intended to be continuing in nature. You are requested and required to supplement your answers and responses when appropriate or necessary to make them correct and complete.

2.      All definitions and rules of construction contained in the Federal Rules of Evidence and the Federal Rules of Civil Procedure are incorporated herein by reference.

3.      Unless otherwise specified in a particular question or request, the relevant time period for all questions and requests is from January 6, 2009 to the present day.

**APPENDIX - 86**

## DEFINITIONS

1.      The terms "YOU" or "YOUR" means Defendant ORR Safety Corporation ("ORR") including, without limitation, any agents and representatives, each person acting or purporting to act on its behalf, each of its predecessors, subsidiaries, and affiliates, and each of its present or former officers, employees, agents, representatives, and attorneys.

2.      Each of the terms "all," "any," "each," and "every" shall be construed as meaning all, any, each and every.

3.      The terms "and" and "or" shall be construed both disjunctively and conjunctively.

4.      "Sales Data" includes the identity of the glove, glove model, glove style, stock keeping unit ("SKU"), and/or any other manner YOU use(d) to identify the gloves; quantity of gloves sold; sales price; and recipients, distributors, and/or purchasers of the gloves.

## ELECTRONICALLY STORED INFORMATION

**\*\*\*NOTICE\*\*\* Plaintiff requests that you produce all electronically stored information responsive to these requests for production in the form or forms in which it is ordinarily maintained (i.e., its native file format). For example, all responsive emails shall be produced in their native file format (e.g., Microsoft Outlook, Lotus Notes), all responsive word documents files shall be produced in their native file format (e.g., Microsoft Word, WordPerfect), all responsive spreadsheets shall be produced in their native file format (e.g., Microsoft Excel), and all responsive electronic presentations shall be produced in their native file format (e.g., Microsoft PowerPoint).**

**All financial reports and requested should be exported from your accounting software into Microsoft Excel and produced in Excel format.**

## REQUESTS FOR PRODUCTION

**EXPEDITED REQUEST NO. 1**     All documents showing the Sales Data of ORR's sales or distribution of the following gloves for the time period January 6, 2009 to the present:

    a.   HexArmor Chrome Series® Cut Resistant Gloves;

    b.   Ergodyne ProFlex® 900 Impact Gloves;

    c.   Ergodyne ProFlex® 910 Impact Gloves;

   d.   Superior Glove® Emerald CX® Cut Level 3 Glove;

   e.   Superior Glove® Dexterity Cut Resistant Gloves;

   f.   Ergodyne ProFlex® 800 Glove Liners, and

   g.   Emerald CX® Cut Level 3 Glove.

**EXPEDITED REQUEST NO. 2**    Documents sufficient to show the identities of the customers or distributors to whom ORR sold or distributed the following gloves for the time period January 6, 2009 to the present:

   a.   HexArmor Chrome Series® Cut Resistant Gloves;

   b.   Ergodyne ProFlex® 900 Impact Gloves;

   c.   Ergodyne ProFlex® 910 Impact Gloves;

   d.   Superior Glove® Emerald CX® Cut Level 3 Glove;

   e.   Superior Glove® Dexterity Cut Resistant Gloves;

   f.   Ergodyne ProFlex® 800 Glove Liners, and

   g.   Emerald CX® Cut Level 3 Glove.

Dated: April 18, 2016

                   /s/ *Michael A. Sherman*
                   Michael A. Sherman (Cal. Bar No. 94783)
                   (admitted pro hac vice)
                   Barak Kamelgard (Cal. Bar. No. 298822)
                   (admitted pro hac vice)
                   STUBBS ALDERTON & MARKILES, LLP
                   15260 Ventura Boulevard, 20th Floor
                   Sherman Oaks, California 91403
                   Telephone: (818) 444-4500
                   Facsimile: (818) 444-4520
                   masherman@stubbsalderton.com
                   bkamelgard@stubbsalderton.com

                   Daniel H. Charest
                   State Bar No. 24057803
                   Will Thompson
                   State Bar No. 24094981
                   BURNS CHAREST LLP

**APPENDIX - 88**

500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
wthompson@burnscharest.com

*Attorneys for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on

this day April 18, 2016, via e-mail to all parties of record:

Benjamin C. Fultz (admitted pro hac vice)
Jennifer Metzger Stinnett (admitted pro hac vice)
FULTZ MADDOX DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

Gregory M. Sudbury
Rachel Lee Hytken
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
gsudbury@qslwm.com
rhytken@qslwm.com

/s/ *Will Thompson*
Will Thompson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:15-cv-03453-D |
| v. | § § | |
| ORR SAFETY CORPORATION, | § § | |
| Defendants. | § § | |

## PLAINTIFF'S SECOND SET OF EXPEDITED DISCOVERY TO DEFENDANT ORR SAFETY CORPORATION

Pursuant to the Court's February 26, 2016 order permitting the parties to "serve requests for production under Fed. R. Civ. P. 34 that requires responses in three business" (doc. 45 at 1), Plaintiff Ironclad Performance Wear Corp. ("Ironclad") serves this first set of expedited discovery to Defendant ORR Safety Corp. ("ORR"). Pursuant to the Court's order, Ironclad requests that ORR provide responsive documents within the 3 business days—Friday, April 22, 2016.

## INSTRUCTIONS

1.      To the fullest extent permitted by the Federal Rules of Civil Procedure and the Court's order granting expedited discovery, these discovery requests are intended to be continuing in nature. You are requested and required to supplement your answers and responses when appropriate or necessary to make them correct and complete.

2.      All definitions and rules of construction contained in the Federal Rules of Evidence and the Federal Rules of Civil Procedure are incorporated herein by reference.

3.      Unless otherwise specified in a particular question or request, the relevant time period for all questions and requests is from January 6, 2009 to the present day.

## DEFINITIONS

1.      The terms "YOU" or "YOUR" means ORR including, without limitation, any agents and representatives, each person acting or purporting to act on its behalf, each of its predecessors, subsidiaries, and affiliates, and each of its present or former officers, employees, agents, representatives, and attorneys.

2.      Each of the terms "all," "any," "each," and "every" shall be construed as meaning all, any, each and every.

3.      The terms "and" and "or" shall be construed both disjunctively and conjunctively.

4.      "Documents" have the broadest possible meaning and includes, but is not limited to, videotapes, audiotapes, hard-copy documents, communications of any sort, and any information that is stored or maintained electronically, including e-mails, soft-copy documents, text messages, instant messages, and calendar appointments.  For the avoidance of doubt, "documents" carries in these requests a meaning consistent with the broad definition of "documents" in Federal Rule of Civil Procedure 34(a)(1), which defines documents as including any requested "documents or electronically stored information [or tangible things]—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

5.      The term "Distributorship Agreement" means the Exclusive License and Distributorship Agreement entered into between ORR and Ironclad on January 6, 2009.

6.      The term "Disputed Gloves" means the following gloves:

   a.  Industrial Impact Knit Cut 5
   b.  Industrial Impact Low Profile impact - closed cuff Cut 5
   c.  Industrial Impact Rigger Cut 5
   d.  Industrial impact Rigger Insulated Waterproof
   e.  Industrial Impact Arctic Mitt
   f.  Industrial Impact Cotton Corded Palm

**APPENDIX - 91**

       g.  Industrial Impact High Abrasion Impact
       h.  Industrial Impact Knit Cut 5 Grip
       i.  Industrial Impact Low Profile Impact - Open Cuff Cut 5
       j.  Industrial Impact Rigger
       k.  Vibram Insulated Waterproof
       l.  Vibram Flame Resistant
       m. Vibram O.B.M.
       n.  Vibram O.B.M. Cut-5
       o.  Vibram O.B.M. XOR
       p.  Vibram Rigger
       q.  Vibram Rigger - Cut 5
       r.  Vibram Rigger Insulated

7.     "Market," "Marketing," or "Marketed" means the process or technique of promoting, selling, and distributing a product or service.

8.     "Distributor" means a person, company, or entity that supplies stores, businesses, or people with goods.

9.     "End User" means any buyer of the subject gloves other than a Distributor.

10.    "Back of the Hand" means the dorsal surface of the hand and comprises the area beginning at the end of the fingers and terminating at the ulna and radius bones.

11.    The "KONG Rigger gloves" means the collection of gloves shown at http://ironclad.com/all-kong-gloves/kong-rigger/ and http://ironclad.com/all-kong-gloves/kong-rigger-grip-cut-5/

12.    The "KONG Operator glove" means the glove shown at http://ironclad.com/all-kong-gloves/kong-operator/.

13.    "Your Top Ten Distributors By Year" means the ten Distributors Marketed and/or sold the most units of the glove in question for each calendar year of 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

## ELECTRONICALLY STORED INFORMATION

**\*\*\*NOTICE\*\*\*** Plaintiff requests that you produce all electronically stored information responsive to these requests for production in the form or forms in which it is ordinarily maintained (i.e., its native file format). For example, all

responsive emails shall be produced in their native file format (e.g., Microsoft Outlook, Lotus Notes), all responsive word documents files shall be produced in their native file format (e.g., Microsoft Word, WordPerfect), all responsive spreadsheets shall be produced in their native file format (e.g., Microsoft Excel), and all responsive electronic presentations shall be produced in their native file format (e.g., Microsoft PowerPoint).

All financial reports and requested should be exported from your accounting software into Microsoft Excel and produced in Excel format.

## REQUESTS FOR PRODUCTION

**EXPEDITED REQUEST NO. 3**    As to gloves constructed using a palm made from nitrile or other synthetic rubber, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU Marketed to any Distributor or End User.

**EXPEDITED REQUEST NO. 4**    As to gloves constructed using a palm made from nitrile or other synthetic rubber, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold to any Distributor or End User.

**EXPEDITED REQUEST NO. 5**    As to gloves constructed using a palm made from nitrile or other synthetic rubber, Documents sufficient to identify Your Top Ten By Year Distributors of such gloves.

**EXPEDITED REQUEST NO. 6**    As to gloves constructed with materials for protecting the Back of the Hand, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold or Marketed to any Distributor or End User.

**EXPEDITED REQUEST NO. 7**    As to gloves constructed with thermoplastic rubber on any part of the glove covering the Back of the Hand Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold or Marketed to any Distributor.

**EXPEDITED REQUEST NO. 8**    As to gloves constructed with materials for protecting the Back of the Hand and/or constructed with thermoplastic rubber on any part of the glove covering the Back of the Hand, Documents sufficient to identify Your Top Ten Distributors By Year of such gloves.

**APPENDIX - 93**

**EXPEDITED REQUEST NO. 9**   Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves sold to Your Top Ten Distributors By Year for all gloves.

**EXPEDITED REQUEST NO. 10**   As to gloves that are/were designed for the petrochemical market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 11**   As to gloves that are/were designed for the offshore exploration market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 12**   As to gloves that are/were designed for the oil and gas exploration market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 13**   As to gloves that that YOU or the maker of the glove Marketed for the petrochemical market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 14**   As to gloves that YOU or the maker of the glove Marketed for the offshore exploration market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 15**   As to gloves that YOU or the maker of the glove Marketed for the oil and gas exploration market, Documents sufficient to identify—by manufacturer, glove style, and brand name—all gloves that YOU sold.

**EXPEDITED REQUEST NO. 16**   All documents supporting YOUR allegations that ORR did not breach Section 2.1 of the Distributorship Agreement.

**EXPEDITED REQUEST NO. 17**   All documents supporting YOUR allegations that Ironclad lacked a proper basis for terminating the Distributorship Agreement.

**EXPEDITED REQUEST NO. 18**   All documents supporting YOUR allegations that the Disputed Gloves infringe the KONG trade dress.

**EXPEDITED REQUEST NO. 19**   All documents supporting YOUR allegation that ORR's distribution network is confidential.

**EXPEDITED REQUEST NO. 20**   All documents supporting YOUR allegation that ORR's distribution network is a trade secret.

**EXPEDITED REQUEST NO. 21**   All documents supporting YOUR allegation that Ironclad misappropriated ORR's distribution network.

**EXPEDITED REQUEST NO. 22**   All documents discussing the KONG Rigger gloves, including without limitation the decision to Market or sell the KONG Rigger gloves, potential competition between the KONG Rigger gloves and other products YOU Market or sell, and YOUR obligations under Section 2.1 with respect to the KONG Rigger gloves.

**EXPEDITED REQUEST NO. 23**   All documents discussing the KONG Operator glove, including without limitation the decision to Market or sell the KONG Operator glove, potential competition between the KONG Operator glove and other products YOU Market or sell, and YOUR obligations under Section 2.1 of the Distributorship Agreement with respect to the KONG Operator glove.

**EXPEDITED REQUEST NO. 24**   Documents sufficient to identify all efforts taken by YOU to ensure compliance with Section 2.1 of the Distributorship Agreement, including but not limited to (i) steps taken to identify and/or evaluate whether a glove (a) is designed, Marketed, and/or sold to the the petrochemical market, the offshore exploration market, and/or the oil and gas industry or (b) is competitive with any KONG brand glove (including without limitation the KONG Rigger gloves and the KONG Operator glove), (ii) the persons responsible for such efforts, and (iii) instructions to

salesforce (or whomever decides what can and cannot be sold) regarding the scope of the KONG

Brand (including without limitation the KONG Rigger gloves and the KONG Operator glove).

**EXPEDITED REQUEST NO. 25**   Documents sufficient to identify every instance when YOU

declined to Market, sell, or distribute gloves due to Section 2.1 of the Distributorship Agreement.

**EXPEDITED REQUEST NO. 26**   All documents and communications between YOU and

Distributors sufficient to support the assertions in Mark Wiktorski's declaration, including but not

limited to the assertions in paragraphs 8 ("In fact, ORR Safety is approached frequently by other

potential distributors with requests to distribute KONG due to its strong brand name and attached

goodwill."), 10 ("Each of these distributor partners received the Distributor Letter from Ironclad, and

in each of the discussions ORR Safety has had with these distributor partners, they have expressed

concern over Ironclad's actions. First, most are familiar with Ironclad only as a manufacturer.

Furthermore, each is concerned about the future of their status as KONG distributor. There is

particular concern that Ironclad will add additional distributor partners in their respective geographies,

thereby creating competition for KONG customers, which will invariably decrease sales and

profitability of KONG. Furthermore, there is concern among these distributors regarding Ironclad's

KONG Vibram Counterfeit."), and 21 ("Furthermore, due to the nature of the dispute created by

Ironclad in this litigation, ORR Safety's distribution network partners have indicated an unwillingness

to become involved in this matter due to the collateral effect that Ironclad's position could have on

them as a distributor going forward."), and including but not limited to a specific identification of

such Distributors, the contents of any of such (and related) communications, and any actions taken

by the Distributors and/or YOU in response to such communications.

**EXPEDITED REQUEST NO. 27**   Documents sufficient to show all changes made to YOUR

website since the filing of this litigation, as well as all efforts by YOU to change, delete, or otherwise

affect archive data for YOUR website, including but not limited to any documents added to YOUR

Website, documents taken off YOUR website, and screenshots showing how YOUR website appeared as a result of any such changes.

**EXPEDITED REQUEST NO. 28**   All documents showing communications to the domain name "archive.org," to an email address ending in @archive.org, or about "archive.org" or other internet archives for the time period September 27, 2015 to the present.

Dated: April 19, 2016

/s/ *Michael A. Sherman*
Michael A. Sherman (Cal. Bar No. 94783)
(admitted pro hac vice)
Barak Kamelgard (Cal. Bar. No. 298822)
(admitted pro hac vice)
STUBBS ALDERTON & MARKILES, LLP
15260 Ventura Boulevard, 20th Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4500
Facsimile: (818) 444-4520
masherman@stubbsalderton.com
bkamelgard@stubbsalderton.com

Daniel H. Charest
State Bar No. 24057803
Will Thompson
State Bar No. 24094981
BURNS CHAREST LLP
500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
wthompson@burnscharest.com

*Attorneys for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on

this day April 19, 2016, via e-mail to all parties of record:

Benjamin C. Fultz (admitted pro hac vice)
Jennifer Metzger Stinnett (admitted pro hac vice)
FULTZ MADDOX DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

Gregory M. Sudbury
Rachel Lee Hytken
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
gsudbury@qslwm.com
rhytken@qslwm.com

/s/ Barak Kamelgard
Barak Kamelgard

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**

**DOCUMENT PRODUCED UNDER SEAL**