| | |
|---|---|
| From: | Jennifer Metzger Stinnett |
| Sent: | Thursday, June 30, 2016 10:13 PM |
| To: | Michael Sherman (masherman@stubbsalderton.com); Daniel Charest (dcharest@burnscharest.com); Barak Kamelgard (bkamelgard@stubbsalderton.com); David Harris (dharris@stubbsalderton.com); Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com) |
| Cc: | Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro |
| Subject: | AEO-Status |

Counsel,

To avoid seeking relief from the Court, you had asked us to provide the amount of fees ORR Safety incurred in addressing Ironclad's violation of the protective order, as well as a list of additional information we needed to satisfy our concerns. With respect to the fees, ORR Safety has incurred approximately $40,000 responding to this issue, which it would require reimbursement from Ironclad. In responding to the violation, we have identified several unanswered questions that raise concerns about the extent of the disclosure. Those items are:

1) A list of all phone conversations between Ironclad's counsel and Mr. Cordes and/or Mr. Aisenberg regarding the investigation, as well as specific information about what was said regarding the instructions provided to and any information received from Mr. Cordes and/or Mr. Aisenberg regarding the disclosure.
2) Information regarding when Mr. Cordes deleted the AEO information he had downloaded.
3) All internal email correspondence between counsel regarding the AEO violation from Wednesday, June 1 through Wednesday, June 8 when Mr. Sherman first informed ORR of the violation.
4) Evidence of all recipients of the email that went to "IC – Legal Team".
5) Additional removal of redactions sufficient to demonstrate the Outline contained no references to a motion to de-designate the AEO materials.
6) Some evidence (pictures of call log or equivalent from either desk phone or mobile phone) of conversations between Mr. Cordes and Mr. Aisenberg, and Mr. Aisenberg and Mr. Sherman.
7) Supplemental declarations assuring ORR that no other AEO information had been disclosed to Ironclad employees.
8) An opportunity to conduct an in-person interview the IT consultant without the presence of Ironclad's counsel after receipt of the report regarding the report and the consultant's investigation.

As with the prior submissions, we would agree that any disclosure of attorney-client communications does not serve as a subject matter waiver of any undisclosed privileged communications. We look forward to your response and resolving this dispute without involving the Court.

Thanks,

Jenny

## FULTZ MADDOX DICKENS
ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com

1

2

| | |
|---|---|
| **From:** | Jennifer Metzger Stinnett |
| **Sent:** | Wednesday, July 06, 2016 9:43 PM |
| **To:** | 'Daniel Charest' |
| **Cc:** | Michael Sherman; Barak Kamelgard; David Harris (dharris@stubbsalderton.com); Will Thompson; Andrew Bynum; Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro |
| **Subject:** | RE: AEO-Status |
| **Attachments:** | Redacted AEO Invoice.pdf |

Please see the attached invoice that details the time spent on the AEO breach issue by Orr's counsel.

As stated below, I need a firm commitment from Ironclad that the fees associated with the AEO breach will be paid.

Jenny

**FULTZ MADDOX DICKENS**
ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Daniel Charest [mailto:dcharest@burnscharest.com]
**Sent:** Wednesday, July 06, 2016 9:02 AM
**To:** Jennifer Metzger Stinnett
**Cc:** Michael Sherman; Barak Kamelgard; David Harris (dharris@stubbsalderton.com); Will Thompson; Andrew Bynum; Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro
**Subject:** Re: AEO-Status

Confirmed. Thanks.

Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

On Jul 6, 2016, at 08:57, Jennifer Metzger Stinnett <jstinnett@fmdlegal.com> wrote:

> Daniel – I know you are out, but I wanted to follow up on the support for the AEO fees incurred by Orr in responding to the breach. I have the bill (redacting all non-AEO entries) but I wanted to confirm that the same agreement on non-waiver of privilege applied to us as it did for you guys on any attorney communications disclosed in the process of sharing the AEO bills. Can you please confirm? As soon as you do (or someone on your team does), I will send the bill over.
>
> Thanks,
>
> Jenny

1

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

---

**From:** Daniel Charest [mailto:dcharest@burnscharest.com]
**Sent:** Friday, July 01, 2016 11:54 AM
**To:** Jennifer Metzger Stinnett
**Cc:** Michael Sherman; Barak Kamelgard; David Harris (dharris@stubbsalderton.com); Will Thompson; Andrew Bynum; Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro
**Subject:** Re: AEO-Status

I can't, Jenny. I'm out of the office. And Michael is also out. The holiday is on us. As it stands, I'm wearing a backpack and working from my phone.

As to the fees, I'd earlier asked you for detail to support whatever amount ORR expected to assert. I think you said you'd provide that information about a week ago. I haven't seen that, to my knowledge. Now ORR has pegged its cost (I assume that's the basis) at $40,000. That number only heightens the need for support behind the claim.

As I said, we are willing to work on providing additional information to the extent possible. But I'll need details to even evaluate the proposal below. All that said, I can't imagine any circumstance where the events we've seen would generate $40,000 in fees to ORR.

Please provide the detail. Then we can react.

Thank you.

Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

On Jul 1, 2016, at 07:56, Jennifer Metzger Stinnett <jstinnett@fmdlegal.com> wrote:

> Thanks Daniel. Obviously we want this wrapped up but understand that there may be some delay in getting the information over the holiday and your vacation, and at this point we all are at status quo. However, I do need a firm commitment on the attorneys' fees as soon as possible. Can you provide that by the end of the day?
>
> Thank you and Happy Fourth of July,
>
> Jenny
>
> <image001.jpg>
>
> *Jennifer Metzger Stinnett*
> 101 South Fifth Street, 27th Floor
> Louisville, KY 40202

*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

**From:** Daniel Charest [mailto:dcharest@burnscharest.com]
**Sent:** Friday, July 01, 2016 12:13 AM
**To:** Jennifer Metzger Stinnett
**Cc:** Michael Sherman; Barak Kamelgard; David Harris (dharris@stubbsalderton.com); Will Thompson; Andrew Bynum; Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro
**Subject:** Re: AEO-Status

As you know, I've been taking the lead on this issue, Jenny. Unfortunately, I am out of the office through the Fourth of July week with family. I will continue to coordinate the IT vendor, as best as I can. And, hopefully, we'll have the initial questions answered by them soon. But I will not be in a position to respond to this email in detail. I will say that we will do our best to answer ORR's additional questions to the extent we can. As to the rest, though, I can't tell you the client's position at the moment. Thanks.

Daniel H. Charest
469.904.4555 direct
214.681.8444 mobile

On Jun 30, 2016, at 19:14, Jennifer Metzger Stinnett <jstinnett@fmdlegal.com> wrote:

> Counsel,
>
> To avoid seeking relief from the Court, you had asked us to provide the amount of fees ORR Safety incurred in addressing Ironclad's violation of the protective order, as well as a list of additional information we needed to satisfy our concerns. With respect to the fees, ORR Safety has incurred approximately $40,000 responding to this issue, which it would require reimbursement from Ironclad. In responding to the violation, we have identified several unanswered questions that raise concerns about the extent of the disclosure. Those items are:
>
> 1) A list of all phone conversations between Ironclad's counsel and Mr. Cordes and/or Mr. Aisenberg regarding the investigation, as well as specific information about what was said regarding the instructions provided to and any information received from Mr. Cordes and/or Mr. Aisenberg regarding the disclosure.
> 2) Information regarding when Mr. Cordes deleted the AEO information he had downloaded.
> 3) All internal email correspondence between counsel regarding the AEO violation from Wednesday, June 1 through Wednesday, June 8 when Mr. Sherman first informed ORR of the violation.
> 4) Evidence of all recipients of the email that went to "IC – Legal Team".
> 5) Additional removal of redactions sufficient to demonstrate the Outline contained no references to a motion to de-designate the AEO materials.

3

**APPENDIX - 155**

6) Some evidence (pictures of call log or equivalent from either desk phone or mobile phone) of conversations between Mr. Cordes and Mr. Aisenberg, and Mr. Aisenberg and Mr. Sherman.
7) Supplemental declarations assuring ORR that no other AEO information had been disclosed to Ironclad employees.
8) An opportunity to conduct an in-person interview the IT consultant without the presence of Ironclad's counsel after receipt of the report regarding the report and the consultant's investigation.

As with the prior submissions, we would agree that any disclosure of attorney-client communications does not serve as a subject matter waiver of any undisclosed privileged communications. We look forward to your response and resolving this dispute without involving the Court.

Thanks,

Jenny

<image001.jpg>

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

4

| | |
|---|---|
| From: | Jennifer Metzger Stinnett |
| Sent: | Monday, July 11, 2016 10:04 PM |
| To: | Michael Sherman (masherman@stubbsalderton.com); Daniel Charest (dcharest@burnscharest.com); Barak Kamelgard (bkamelgard@stubbsalderton.com); Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com) |
| Cc: | Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro; Matt Williams |
| Subject: | Outstanding issues |

All:

We have many outstanding issues that we have attempted to resolve over the last several weeks. As of today, despite repeated requests for responses, I have not heard from Ironclad on (1) payment of the AEO attorneys' fees and the other outstanding items requested in this regard and (2) my June 24, 2016 letter detailing the remaining privilege issues. If we do not hear from you and reach an acceptable resolution, we are going to file the appropriate motions. We have more than adequately met and conferred and/or tried to meet and confer on these issues.

In conjunction with the privilege issue, and based on the work product assertions by Stubbs Alderton as far back as early 2014, Orr needs to know when the litigation hold was put into place by Ironclad. Please advise.

I also need to know if IC's attorneys are going to represent the former board of director members and therefore I need to work through you all for their depositions.

I understand that Corey and David are touching base on ESI tomorrow. Again, we cannot drag this out any longer, and if a resolution cannot be reached, we will have to get guidance from the Court.

Last but certainly not least, Orr has received over 13,000 documents pursuant to its subpoena to Vibram. Despite your representation of producing all responsive documents in Cordes's electronic file, even from a cursory review, there are hundreds of emails between Cordes and Vibram that were not produced by Ironclad. This is very disconcerting, and Orr believes an explanation is warranted (see litigation hold inquiry above). Further, this only confirms the need for the parties to go forward with the ESI Agreement. In order to expedite the production, Orr agreed that all of Vibram's documents be designated as AEO, and if that designation became an issue on an individual document, we would simply ask Vibram's counsel to change the designation. In addition, Vibram's counsel agreed that Orr's in house counsel could review documents as needed despite the AEO designation, but that he would not have full electronic access to the production.

I hope to hear from you all. But because our deadlines are likely not going to move at this point, we have to get these issues resolved and move forward.

Thank you for your cooperation.

Jenny

**FULTZ MADDOX DICKENS**
ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026

1

Fax: 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

2