Case 3:15-cv-03453-D   Document 85-5   Filed 07/13/16   Page 1 of 4   PageID 2449

| | |
|---|---|
| **From:** | Jennifer Metzger Stinnett |
| **Sent:** | Tuesday, July 12, 2016 9:14 PM |
| **To:** | Michael Sherman; Daniel Charest (dcharest@burnscharest.com); Barak Kamelgard; Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); David Harris |
| **Cc:** | Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro; Matt Williams; Julie Ziegler |
| **Subject:** | RE: Outstanding issues |

Michael –

Thank you for the response.

First, I agree we need to speak about the depositions. I am trying to confirm two things before we do: (1) which of the 17 depositions are priority that Orr wants to schedule immediately (but we cannot have them next week – Ben and I both have conflicts that prevent us from getting to LA) and (2) how many depositions of ORR I can get scheduled that first week of August as you requested. I hope to have answers on both of these tomorrow and then will call you. We were thinking the last two weeks of August and first week of September (in hopes, of course, that we have Ironclad's ESI at that point) for the depositions of Ironclad's people.

Second, your response fails to provide any substantive responses or indication when Ironclad will provide a response to my June 24 privilege letter, and most important, Ironclad's position on the documents that were re-redacted that Orr still believes were inappropriately redacted.

Third, we will wait to hear from Daniel tomorrow on AEO, but cannot wait any longer than that on whether or not fees will be paid.

Fourth, I believe that David and Corey did not get any closer to an ESI agreement today than before. Corey is responding in that regard, but suffice to say, Orr cannot standby any longer without having an agreement on the electronic discovery.

Fifth, as to Vibram, you are correct that this is the first time I have brought it up – because we just received and began reviewing the documents. But the real issue is that there have been numerous representations by Ironclad that they have reviewed all of Cordes's electronic files and produced all responsive documents. These Vibram communications should have been in his files (since they were with him) and are clearly relevant. So either these files were destroyed or the representation is false. You can understand my concern, especially coupled with the many other discovery issues. So, I do appreciate you looking into this and responding to it quickly. As to Orr's agreement with Vibram regarding the production of everything as AEO but allowing Mr. Herr to review certain documents on a case by case basis, the information is Vibram's, and if it is comfortable with this process, Ironclad has no basis to object.

Finally, I look forward to hearing from you all promptly on the work product/litigation hold issue. I also would like to know whether or not the former board members have actually agreed to be represented by Ironclad, or if this is an issue similar to that as with Rice and Castro.

I do apologize for the long emails. But I think it is best that we document our positions since there is so much going on right now.

Jenny



ATTORNEYS

1

**APPENDIX - 159**

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com

---

**From:** Michael Sherman [mailto:masherman@stubbsalderton.com]
**Sent:** Tuesday, July 12, 2016 1:48 PM
**To:** Jennifer Metzger Stinnett; Daniel Charest (dcharest@burnscharest.com); Barak Kamelgard; Will Thompson (wthompson@burnscharest.com); Andrew Bynum (abynum@burnscharest.com); David Harris
**Cc:** Ben Fultz; Twila Carson; Amy Hoagland; Corey Shapiro; Matt Williams; Julie Ziegler
**Subject:** RE: Outstanding issues

Jenny

Daniel is handling AEO issues, and I understand he will be responding substantively, either later today or tomorrow. In the interim, I can advise that we have discussed payment of attorneys' fees, made recommendations to the client re same, and have been engaged within the last few business days in gathering some of the information you most recently requested on AEO issues.

Regarding your point about the interrelated issues of (a) work product assertions, (b) the dates of communications that are the subject of such assertions, and (c) your inquiry about the litigation hold, having discussed the matter with both David and Barak I tell you that this is the first time this issue has been raised by ORR in connection with any meet and confer. We will review your point and timely respond.

I do presently anticipate representing all of the former board members you have indicated an intention to take deposition testimony of. If that expectation changes, you will be made aware.

Regarding ESI – I too understand that Corey and David are speaking about it today (not sure when). The issues are extraordinarily complicated (and expensive), and threats about getting guidance from the Court do not make much sense.

Regarding Vibram's document production, the information you shared with me is the first time I have been made aware of the points you raised. We will look into the issues from our end and timely respond. Your separate discussion with Vibram's counsel about modifications to the AEO protocol (which you tell us about for the first time in your below e-mail) are not modifications that Ironclad has agreed-on.

I still think it would be a good idea to speak, directly with one another, on the deposition scheduling rather than leave this right now to e-mail exchanges, however on the subjects you raised in your other e-mail from last night, I assume you have spoken to your client. Please get back to me on the proposal I made yesterday. In terms of "which depositions" Ironclad is specifically objecting – at this juncture Ironclad's objection is focused on the sheer number, i.e., 17. While issues of unreasonable cumulativeness and duplicativeness exist throughout the line-up, I don't feel like I'm in a position to tell you how to pare down your list.

Finally, please add David Harris to your group e-mail communications in the future. Thanks for your attention to that.

Regards
Michael

**Michael A. Sherman**
Partner
masherman@stubbsalderton.com

**Stubbs Alderton & Markiles, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

1453 3rd Street Promenade, Suite 300
Santa Monica, CA 90401

Bus: 818.444.4528
Fax: 818.444.6328

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Jennifer Metzger Stinnett [mailto:jstinnett@fmdlegal.com]
**Sent:** Monday, July 11, 2016 7:04 PM
**To:** Michael Sherman <masherman@stubbsalderton.com>; Daniel Charest (dcharest@burnscharest.com) <dcharest@burnscharest.com>; Barak Kamelgard <bkamelgard@stubbsalderton.com>; Will Thompson (wthompson@burnscharest.com) <wthompson@burnscharest.com>; Andrew Bynum (abynum@burnscharest.com) <abynum@burnscharest.com>
**Cc:** Ben Fultz <bfultz@fmdlegal.com>; Twila Carson <tcarson@fmdlegal.com>; Amy Hoagland <ahoagland@fmdlegal.com>; Corey Shapiro <cshapiro@fmdlegal.com>; Matt Williams <Mwilliams@fmdlegal.com>
**Subject:** Outstanding issues

All:

We have many outstanding issues that we have attempted to resolve over the last several weeks. As of today, despite repeated requests for responses, I have not heard from Ironclad on (1) payment of the AEO attorneys' fees and the other outstanding items requested in this regard and (2) my June 24, 2016 letter detailing the remaining privilege issues. If we do not hear from you and reach an acceptable resolution, we are going to file the appropriate motions. We have more than adequately met and conferred and/or tried to meet and confer on these issues.

In conjunction with the privilege issue, and based on the work product assertions by Stubbs Alderton as far back as early 2014, Orr needs to know when the litigation hold was put into place by Ironclad. Please advise.

I also need to know if IC's attorneys are going to represent the former board of director members and therefore I need to work through you all for their depositions.

I understand that Corey and David are touching base on ESI tomorrow. Again, we cannot drag this out any longer, and if a resolution cannot be reached, we will have to get guidance from the Court.

Last but certainly not least, Orr has received over 13,000 documents pursuant to its subpoena to Vibram. Despite your representation of producing all responsive documents in Cordes's electronic file, even from a cursory review, there are hundreds of emails between Cordes and Vibram that were not produced by Ironclad. This is very disconcerting, and Orr believes an explanation is warranted (see litigation hold inquiry above). Further, this only confirms the need for the parties to go forward with the ESI Agreement. In order to expedite the production, Orr agreed that all of Vibram's documents be designated as AEO, and if that designation became an issue on an individual document, we would simply ask Vibram's counsel to change the designation. In addition, Vibram's counsel agreed that Orr's in house counsel could review documents as needed despite the AEO designation, but that he would not have full electronic access to the production.

I hope to hear from you all. But because our deadlines are likely not going to move at this point, we have to get these issues resolved and move forward.

Thank you for your cooperation.

Jenny

**FULTZ MADDOX DICKENS**
ATTORNEYS

*Jennifer Metzger Stinnett*
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*Main:* 502.588.2000
*Direct:* 502.588.2026
*Fax:* 502.588.2020
jstinnett@fmdlegal.com
www.fmdlegal.com